Richard KOWALSKI, Appellant,

v.

Barbara KOWALSKI, Appellee.

No. S–3569.

Supreme Court of Alaska.

March 8, 1991.

Robin Bronen and Carol Daniel, Alaska Legal Services Corp., Anchorage, for appellant.

Mary F. LaFollette, LaFollette Legal Clinic, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MOORE, Justice.

In this divorce proceeding, Richard Kowalski appeals the superior court's award of child support and attorney's fees to Barbara Kowalski. Richard contends that the superior court abused its discretion in finding that Richard was voluntarily unemployed and ordering him to pay $550.00 per month in child support. Richard also contends that the superior court erred in awarding full attorney's fees to Barbara. We affirm the superior court's child support determination but reverse its attorney's fees award.

### I.

Richard and Barbara married on September 4, 1985, after living together for two years. They have two children: Samantha and Eric. Before the marriage, Richard held a variety of short-term construction jobs, but he never worked continuously throughout an entire year.[1]

During the marriage, Barbara was the primary wage-earner. During the first year of marriage, Richard was unemployed until he and Barbara separated for the first time in August 1986. Richard then ob-

---

1. Richard is a carpenter by trade and usually works on a seasonal basis. In the spring of 1985, Richard had to stop working for several months because of work-related health problems. He was released for work in early June 1985. He began work removing asbestos in July 1985 but left this job at the end of August complaining of hazardous working conditions. Richard maintains that his deteriorating health prevented him from returning to work after August 1985.

tained a roofing job which lasted a few months. The parties were reconciled in the fall of 1986, and Richard did not work again until June 1987 when he took a two-month construction job. After this job ended in August 1987, Richard only worked a few days in the interim before the divorce proceedings.

Richard and Barbara permanently separated in October 1987. They agreed that Richard would have custody of Eric and that Barbara would have custody of Samantha. In December 1987, Richard received AFDC benefits which enable him to support his son. Richard's only sources of income in 1988 were AFDC, unemployment compensation, and income from a three-day roofing job. At the time of trial, Richard was pursuing a disability claim through the Veteran's Administration.

After a three-day trial, Barbara was awarded sole physical and legal custody of both children. Richard was ordered to pay $80.00 in child support in December 1988, and $550.00 in child support per month thereafter. For the purpose of calculating child support, the trial judge found that Richard was voluntarily unemployed at the time of trial and had not made an effort to remain fully employed after his marriage. The judge concluded that Richard's earning capacity was greater than demonstrated during the marriage or at the time of trial. To determine Richard's actual earning capacity, the judge averaged Richard's adjusted gross income for several years before his marriage.[2] Based on the average income for those years, the judge concluded that Richard's current earning potential was approximately $26,000.00 per year. The judge added that his income could be

significantly greater if he was gainfully employed for twelve months of each year. The judge then calculated the amount of child support pursuant to Alaska Civil Rule 90.3.

The trial judge also ordered Richard to pay Barbara's costs and attorney's fees because he found that Richard had evaded questions at trial and unnecessarily increased Barbara's costs and attorney's fees.

## II.

Richard first contends that the superior court abused its discretion in determining his child support obligation. We disagree.

 We will not reverse a child support award unless we have a definite and firm conviction based on the record as a whole that a mistake has been made. *Hunt v. Hunt*, 698 P.2d 1168, 1172 (Alaska 1985).

Alaska Civil Rule 90.3 sets forth the formula used to calculate child support awards. In general, when one parent is awarded sole physical custody, the trial court bases its calculation on the annual adjusted income of the obligor parent. Alaska Civil Rule 90.3(a). However, the Commentary to Civil Rule 90.3 clearly states that the trial court may calculate child support based on "potential income" if an obligor parent is found to be voluntarily unemployed or underemployed. Alaska Civil Rule 90.3 Commentary III(C).

Richard asserts that the record does not support the court's finding that he was voluntarily unemployed during the marriage or at the time of trial. Relying on *Pattee v. Pattee*, 744 P.2d 658, 662 (Alaska

2.

| YEAR | ADJUSTED GROSS INCOME |
|------|----------------------|
| *1981 | $30,314.00 |
| *1982 | $32,974.00 |
| 1983 | No tax return filed |
| *1984 | $11,902.00 |
| *1985 | $29,071.00 [$25,997.00 earned before the marriage] |
| 1986 | $5,408.00 |
| 1987 | $10,072.00 |

Richard's earning history 1981—1988

* indicates the years included in the court's calculation

1987), he contends that a finding of voluntary unemployment is only warranted when the obligor parent has deliberately attempted to avoid a support obligation. Richard argues that his erratic work history and current unemployment do not constitute an attempt to evade family responsibilities and that the court abused its discretion in finding him voluntarily unemployed. He contends that his employment history for the six years prior to trial depended on the construction market, the season and his health.

█ We do not agree with Richard's interpretation of *Pattee*. In *Pattee*, the obligor parent dramatically reduced his income by voluntarily leaving his job and becoming a student shortly before trial. We found that the obligor's unemployment was a bad faith attempt to evade a future support obligation and held that the trial court must consider the nature and reason for a change in earnings before determining the appropriate child support award. *Id.* at 662. However, a showing of bad faith is not a prerequisite to a finding that unemployment is voluntary.

█ We will not relieve a noncustodial parent from his child support obligations absent an affirmative showing that the obligor parent cannot meet this obligation. *Houger v. Houger*, 449 P.2d 766 (Alaska 1969). In *Houger*, we rejected a trial court's abeyance of an unemployed father's child support obligation. *Id.* at 769–70.

The trial court had based its decision on evidence that the father, a carpenter, was medically unfit to work in his profession. We reversed, noting that there was no testimony by a physician regarding the nature or extent of the father's injuries and disability.

> [A father] should not be relieved of [the] obligation [to support his children] except under the most extreme circumstances.... The burden should be placed on [him] to establish justifiable reason for being relieved of his duty to support his children.

█ *Id.* at 770. Following the principles set forth in *Houger*, we conclude that the trial court's finding of voluntary unemployment was not clearly erroneous.[3] Richard produced no evidence of his current medical condition beyond the fact that he had a pending disability claim with the Veteran's Administration.[4] He produced no evidence concerning the jobs he had applied for and failed to obtain. Although Richard argues that his marriage did not alter his employment history, his pattern of employment during the marriage is consistent with the court's finding that the "Defendant has not made any major effort to remain employed since the parties were married and [his] present reliance on AFDC and unemployment compensation is voluntary on his part." Considering the record as a whole, there is ample support for the court's findings on this issue.[5]

---

3. The Illinois appellate court has adopted a similar rule which provides that the trial judge is allowed to take earning capacity into account in all cases except where the obligor parent has proven that his "unemployment [is] in good faith; i.e., [is] the result of mental or physical disability or unsuccessful attempts to obtain other employment." *Glass v. Peitchel*, 42 Ill. App.3d 240, 355 N.E.2d 750, 754 (1976).
 Compare the rule established by the Supreme Court of North Carolina which permits the judge to consider earning capacity only after finding that the noncustodial parent was deliberately disregarding his family responsibilities. *Conrad v. Conrad*, 252 N.C. 412, 113 S.E.2d 912, 916 (1960); *Bowes v. Bowes*, 287 N.C. 163, 214 S.E.2d 40, 45 (1975).

4. Although at trial Richard did not explicitly argue that his medical condition made it more difficult for him to obtain work and impossible for him to earn his pre-marriage income, we hold that his argument may be considered for the first time on appeal because it (1) is not dependent on any new or controverted facts; (2) is closely related to his trial court arguments; and, (3) could have been gleaned from the pleadings. *See State v. Northwestern Construction, Inc.*, 741 P.2d 235, 239 (Alaska 1987).

5. However, we wish to be clear that the trial court must consider the nature and reasons for an obligor parent's unemployment, underemployment or change in employment before determining a child support award. In some cases an obligor's change in earnings may justify a lower support obligation. *See Pattee*, 744 P.2d at 662.

Richard also contends that the court abused its discretion in calculating his earning capacity under Civil Rule 90.3.[6]

The Commentary to Rule 90.3 states that potential income should be based on the parent's work history, qualifications and job opportunities. Alaska Civil Rule 90.3 Commentary III(C). It also notes that the determination of future income may be especially difficult when the obligor has had very erratic income in the past. "In such a situation, the court may choose to average the obligor's past income over several years." Alaska Civil Rule 90.3 Commentary III(E).

We find that the court's calculation constituted a reasonable assessment of Richard's earning capacity on the record presented in this case. The court's finding that Richard was voluntarily unemployed gives it the discretion to select and average prior years' earnings to determine his potential income. Richard had the burden to establish his earning capacity. Since he failed to meet this burden, the court did not abuse its discretion in calculating his earning capacity based on his premarriage income.

If Richard's circumstances make it impossible for him to meet his support obligation, he can seek modification of the award. *See Houger,* 449 P.2d at 770. This will give Richard the opportunity to present evidence showing that he is unable to earn his premarriage income and cannot meet his child support obligation. It will also give Barbara an opportunity to present opposing evidence on this issue.

### III.

The superior court awarded Barbara full attorney's fees. We hold that this award constitutes an abuse of discretion.

The award of attorney's fees in divorce actions is within the broad discretion of the trial court. *Lone Wolf v. Lone Wolf,* 741 P.2d 1187, 1192 (Alaska 1987). "An abuse of discretion is established where it appears that the trial court's determination as to attorney's fees was manifestly unreasonable." *Palfy v. Rice,* 473 P.2d 606, 613 (Alaska 1970) (citations omitted).

Alaska Statute 25.24.140 provides that the court may order one spouse to pay an amount of fees and costs necessary to enable the other spouse to prosecute or defend the action. We have held that an award of costs and attorney's fees in a divorce action is based on the relative economic situations and earning powers of the parties. *Burrell v. Burrell,* 537 P.2d 1 (Alaska 1985). The purpose of this statute is to "assure that both spouses have the proper means to litigate the divorce action on a fairly equal plane." *Lone Wolf,* 741 P.2d at 1192.

In this case the court did not connect the award of full attorney's fees to the relative economic situations of the parties. The court's award was based solely on the court's finding that "[Richard] consumed a great deal more time than necessary [on the witness stand] by attempting to avoid

---

*Compare Ellis v. Ellis,* 262 N.W.2d 265, 268 (Iowa 1978) (" 'Self-inflicted or voluntary' " retirement will not constitute a ground for reduction of future payments), *Moseley v. Moseley,* 216 So.2d 852, 854 (La.App.1968) ("A father's obligation to support his wife and child are [sic] paramount to his right to voluntary retirement.") with *Smith v. Smith,* 419 A.2d 1035 (Me.1980) (former husband whose decrease in income was caused by retirement motivated by health problems and difficulties in relocating declining dental practice relieved him from alimony obligation) and *Toney v. Toney,* 213 Iowa 398, 239 N.W. 21 (1931) (forced retirement may constitute a change of circumstances which makes modification permissible).

6. Specifically, Richard argues that the court should have included his 1986 and 1987 tax returns when it calculated his earning capacity. This calculation would have resulted in an average income of $19,885.00 per year (as compared to $26,000 per year) and yielded a difference of about $100 per month in Richard's child support obligation. Alternatively, Richard contends that the court should have included the 1986 and 1987 tax returns and excluded the 1981 and 1982 tax returns (for an average income of $13,345.00 per year). Richard argues that this last calculation would be the most reasonable because it would take into account the health problems that impaired Richard's ability to work in 1985 and subsequent years.

and evade answers to even the questions posed by his own attorney. He has, therefore, been the cause of greater costs and attorney's fees for [Barbara]."

The trial court has the discretion to increase an award of attorney's fees where a party has acted in bad faith or engaged in vexatious conduct. *See Hartland v. Hartland,* 777 P.2d 636, 644 (Alaska 1989); *Horton v. Hansen,* 722 P.2d 211, 218 (Alaska 1986). However, one party's misconduct does not authorize the court to disregard the relative economic situations and earning powers of the parties. We hold that, in making an increased fee award, the court must first determine what fee award would be appropriate under the general rule, and only then increase the award to account for a party's misconduct. Failure to follow this two-step process constitutes an abuse of discretion.[7]

■ Furthermore, the court must make explicit findings of bad faith or vexatious conduct and clearly explain its reasons for deviating from the general rule. *See Streb v. Streb,* 774 P.2d 798, 803 (Alaska 1989). When the court finds that one spouse's misconduct has unnecessarily increased the other spouse's costs, the court must identify the nature and amount of these increased costs. *Richmond v. Richmond,* 779 P.2d 1211, 1217 (Alaska 1989); *Jones v. Jones,* 666 P.2d 1031, 1035 (Alaska 1983).

■ We wish to emphasize that mere evasiveness in responding, contentiousness over difficult issues, or delay in completing testimony do not, in themselves, constitute bad faith or vexatious conduct. These are by-products of the adversarial system itself. Conduct justifying an increased award must be such that the parties are prevented from litigating the action on an equal plane. *See Hartland,* 777 P.2d at 644 (increased fee award justified where husband unreasonably withheld information concerning the value of his re-

tirement benefits); *Gabaig v. Gabaig,* 717 P.2d 835, 840 (Alaska 1986) (court did not abuse its discretion in awarding increased attorney's fees on a late motion where husband had fraudulently conveyed family home in order to avoid equitable distribution of the property in future divorce proceedings); *Horton,* 722 P.2d at 214 (full award of attorney's fees justified where trial court found that husband had "willfully, intentionally, and in callous disregard for [wife's] rights, fabricated; lied; destroyed, purposely or recklessly lost, or withheld evidence; and repeatedly attempted to mislead the court in an effort to defeat [wife's] legitimate claims").

### IV.

For the reasons discussed above, the superior court's child support award is affirmed; the attorney's fees award is reversed and remanded for further proceedings consistent with this opinion.

AFFIRMED in part; REVERSED in part; and REMANDED.

---

7. Increased attorney's fee awards under Alaska Civil Rule 82 are subject to the same requirements. The court must first calculate what award is authorized under the schedule set forth in Civil Rule 82(a) and then state its reasons for deviating from that award. *See Mullen v. Christiansen,* 642 P.2d 1345, 1351 (Alaska 1982). It is

an abuse of discretion to award full attorney's fees and costs under Rule 82 without an explicit finding of bad faith or vexatious conduct. *Davis v. Hallett,* 587 P.2d 1170, 1171–72 (Alaska 1978); *Atlantic Richfield Co. v. State,* 723 P.2d 1249, 1252 (Alaska 1986).