883 P.2d 984 (1994)
S.L., Appellant,
v.
J.H., Appellee.
No. S-5699.
Supreme Court of Alaska.
October 28, 1994.
William T. Ford, Anchorage, for appellant.
Allen M. Bailey, Anchorage, for appellee.
Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

OPINION
PER CURIAM.
In 1987 S.L. and J.H. obtained a divorce in Louisiana. The Louisiana court granted the parties joint legal custody of their two children, awarding S.L. primary physical custody of the daughter, K.H., and awarding J.H. primary custody of the son, M.H. In August 1988 S.L. moved to Alaska with K.H.
In May 1991 S.L. filed a motion in the Superior Court of the State of Alaska to modify custody in which she sought sole legal custody of K.H. and requested that any future visitation by J.H. with K.H. be restricted to Alaska. J.H. opposed the motion, and in turn moved that the superior court specify that he have six weeks of summer visitation with K.H.
In April and May of 1992, the superior court held two days of hearings on the two motions. At the conclusion of the hearings the superior court rendered an oral decision *985 which preserved both the joint legal custody arrangement and S.L.'s primary physical custody over K.H., and which allowed J.H. summer visitation with K.H. in Louisiana.[1]
J.H. then filed a motion for an award of full attorney's fees pursuant to AS 25.20.115, arguing that S.L.'s motion to modify custody was not made in good faith. The superior court entered an Order for Attorney Fees and Costs awarding J.H. $2,095.24 in attorney's fees and costs.[2]
Next, J.H. moved for entry of judgment on the unpaid award of attorney's fees. S.L. filed an "Opposition to Motion for Judgment and Request to Set Aside Previously Entered Order for Payment of Attorney's Fees." The superior court denied S.L.'s request to set aside the attorney's fees and cost award, and ordered entry of judgment on the unpaid attorney's fees and costs.[3] S.L. now appeals from the judgment for unpaid attorney's fees and costs.
Alaska Statute 25.20.115 states as follows: In an action to modify, vacate, or enforce that part of an order providing for custody of a child or visitation with a child, the court may, upon request of a party, award attorney fees and costs of the action. In awarding attorney fees and costs under this section, the court shall consider the relative financial resources of the parties and whether the parties have acted in good faith.
This court has not yet considered an award of attorney's fees and costs under AS 25.20.115. However, we have considered AS 25.24.140(a)(1) which provides that a court may order one spouse to pay the attorney's fees and costs of the other spouse in a divorce action.[4] We have held that cost and fee awards under AS 25.24.140(a)(1) are to be based primarily on the relative economic situations and earning powers of the parties. Cooke v. Cooke, 625 P.2d 291, 293 (Alaska 1981). In addition, we have held that one party's bad faith or vexatious conduct may justify an increased fee award to the other party. Kowalski v. Kowalski, 806 P.2d 1368, 1372-73 (Alaska 1991).[5] In construing AS 25.24.140(a)(1), we have required the superior court to make explicit findings of bad faith conduct, and to offer explicit reasons for deviating from the general rule which allows such awards according to the parties' financial circumstances and relative earning powers. Id.
Because the superior court in this case failed to enter any findings regarding its award of attorney's fees and costs, and did not include any findings in connection with its Order Granting Judgment for Unpaid Attorney's Fees and Costs, we are unable to ascertain whether the superior court considered the issues of S.L.'s alleged bad faith and the parties' relative financial resources as mandated by AS 25.20.115. As we have with regard to AS 25.24.140(a)(1), we hold that in making an award of attorney's fees and costs under AS 25.20.115, a court must make explicit findings as to the parties' relative financial resources and whether the parties acted in good faith.
However, unlike this court's interpretation of AS 25.24.140(a)(1), under AS 25.20.115 the parties' relative financial resources *986 do not necessarily take primacy over the presence or absence of good faith. Thus, in considering whether or not to award attorney's fees and costs under AS 25.20.115, the methodology used by the trial court should differ from that set out in Kowalski.
It has been our practice to remand a case to the superior court when its findings are not detailed enough or sufficiently explicit to allow meaningful review. Murray v. Murray, 856 P.2d 463, 466 (Alaska 1993); see also Sloan v. Jefferson, 758 P.2d 81, 86 (Alaska 1988).[6] Given the superior court's apparent noncompliance with the requirements of AS 25.20.115, we conclude that this case should be remanded to the superior court for the purpose of affording it the opportunity to enter findings of fact regarding the relative financial resources of the parties, and whether the parties acted in good faith, in explanation of any award it makes of attorney's fees and costs.[7]
REMANDED for further proceedings consistent with this opinion.[8]
NOTES
[1] Almost a year later, J.H. submitted a proposed order denying S.L.'s motion to modify custody which was subsequently signed by the superior court.
[2] Between the time that J.H. filed his motion for an award of attorney's fees and costs and the entering of the superior court's order awarding attorney's fees and costs, S.L. filed no opposition.
[3] Neither the denial of S.L.'s request to set aside the attorney's fees and costs award nor the judgment on the unpaid attorney's fees and costs included any findings.
[4] Alaska Statute 25.24.140(a)(1) provides as follows:

During the pendency of the action, a spouse may, upon application and in appropriate circumstances, be awarded expenses, including attorney fees and costs that reasonably approximate the actual fees and costs required to prosecute or defend the action... .
[5] In Kowalski, we held that the court must follow a two-step process in deviating from the general rule under which an award of attorney's fees and costs is based on the parties' relative economic situations and earning powers. Id. at 1373. First, the court must determine what fee award would be appropriate under the general rule, and second, the court may then increase the award to account for the party's misconduct. Id.
[6] When a party files a motion and the opposing party fails to respond, the superior court may construe the failure to respond as a nonopposition, and may grant the motion if the relief requested appears to be justified. Cf. Willie v. State, 829 P.2d 310, 312-13 (Alaska App. 1992) (construing former Alaska Criminal Rule 40(d) (recodified as amended at Alaska Criminal Rule 42(c)), and noting that Civil Rule 77(c) contains similar language). Nonetheless, the severity of such a sanction demands that the superior court impose it only with great caution. The superior court may neither permit its powers under Civil Rule 77 "to replace or in any way minimize its duty to exercise its independent judgment on all matters," nor "accept one party's assertions as to the present state of the law simply because the opposing party fails to adequately respond." State v. Johnson, 525 P.2d 532, 535 n. 4 (Alaska 1974). Therefore, the superior court is obligated to carefully examine the motion and any supporting materials in order to determine if granting the motion is warranted. Id. at 534-35.
[7] If upon remand the superior court deems it necessary to supplement the existing record and/or conduct further proceedings, it is empowered to do so.
[8] We retain jurisdiction of this appeal. After the superior court has filed its findings of fact with this court the parties will be afforded the opportunity to file supplemental briefs if deemed necessary.