Bradley Kent LAYBOURN, Appellant,

v.

Roberta Yvonne POWELL, Appellee.

No. S–10074.

Supreme Court of Alaska.

Sept. 27, 2002.

D. Scott Dattan, Law Office of D. Scott Dattan, Anchorage, for Appellant.

Tara N. Logsdon, Golter & Logsdon, P.C., Wasilla, for Appellee.

Before: FABE, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

BRYNER, Justice.

## I. INTRODUCTION

██ Bradley Laybourn challenges an order modifying his child support obligation and awarding partial attorney's fees to his former wife. We affirm, holding (1) that the superior court properly imputed income to Laybourn based on his efforts to disguise actual earnings and conceal assets, (2) that the court properly considered all of the evidence and did not express any bias against Laybourn, and (3) that the court's award of enhanced fees was authorized under Civil Rule 82 because of Laybourn's vexatious conduct.

## II. FACTS AND PROCEEDINGS

Laybourn's ex-wife, Roberta Powell, moved to modify his child support payments for their daughter Kelcy. Powell argued that Laybourn's income greatly exceeded the amount on which his existing child support payments had been based in 1997. Powell further maintained that Laybourn's wages and tax returns did not accurately reflect his actual earnings because Laybourn was hiding income. She supported these claims by relying on Linda L. Saunders, a forensic accountant, who testified that Laybourn appeared to be sheltering a large amount of his actual income.

Saunders testified that Laybourn had quit a lucrative job shortly after the couple divorced in 1995 and had remained self employed as an entrepreneur since then. Although the court had reduced his child support payments in 1997, he had failed to make any payments for nearly two years. Yet according to Saunders, Laybourn established several partnerships shortly after his divorce and frequently traded his labor for in-kind payments, such as free rent in a building owned by one of the partnerships, in an attempt to hide his income and assets. Saunders also identified vast discrepancies between Laybourn's claimed income and both his lifestyle and bank account balances. In Saunders's professional opinion,

[Laybourn] has actively participated in financial activities and labor efforts concerning property interests in Alaska ... [and] has engaged business partners and his girlfriend to aid in the concealment of such activities.... [Laybourn's] financial records and representations are riddled with contradictions and claims of expenditures contrary to customary reporting practices of the IRS.... Laybourn has overtly disguised his income and worked under the table for his personal living expenses since he left the Slope in 1996.

Saunders testified on the first day of a three-day hearing. At the close of Saun-

ders's testimony—just before Laybourn began presenting his side of the case—the trial judge commented on the compelling nature of Saunders's testimony and cautioned Laybourn about the potential legal implications of presenting evidence that might prove to be false. The case proceeded, and the rest of the hearing consisted of witnesses presented by Laybourn.

At the close of the hearing, the superior court granted Powell's motion for modification, finding that Laybourn was in fact seeking to hide income and assets to avoid paying child support. Based on evidence of his earnings history and potential, the court estimated that he was easily capable of earning an adjusted gross income of $72,000 and imputed this amount to him as annual income for purposes of determining his new child support obligation. As explained by the court, $72,000 represented Laybourn's potential income based on his skills, experience, and qualifications. The court also awarded enhanced attorney's fees to Powell, citing Laybourn's "bad faith and vexatious conduct" in "hid[ing] his income and assets." Laybourn appeals.

## III.  DISCUSSION

### A.  Imputed Income [1]

■ Alaska Civil Rule 90.3 governs child support and requires awards of support to "be calculated as an amount equal to the adjusted income of the non-custodial parent," [2] multiplied by certain factors. Rule 90.3(a)(1) broadly defines "adjusted gross income" to include "the parent's total income from all sources," less certain specified deductions. Under Rule 90.3(a)(4), the court may impute "potential income" to a parent the court determines is "voluntarily

and unreasonably . . . unemployed or underemployed" and "also may impute potential income for non-income or low income producing assets."

■ Here, the court found that Laybourn had consistently underreported his income and was engaged in an ongoing scheme of concealing assets and earnings. The court estimated his annual adjusted gross income capacity to be at least $72,000. Those findings are supported by substantial evidence and are not clearly erroneous.

■ Laybourn nonetheless asserts that the court was required to provide a strict accounting of its methods for determining this income amount. In particular, Laybourn takes issue with several categories of expenses that he claims the superior court must have improperly considered in computing his income. But Laybourn's argument misconceives the basis of the court's finding that his adjusted annual income totaled at least $72,000: the court was not *calculating* his actual income; instead, it was imputing income based on an estimate of Laybourn's earning capacity because he had made it impossible to calculate his actual income accurately. Laybourn's situation is thus functionally equivalent to voluntary underemployment. Having failed to give the court any accurate basis on which to compute his actual earnings, Laybourn cannot be heard to complain that its estimate based on his earning capacity is insufficiently precise.[3]

■ Because the superior court did not clearly err in finding that Laybourn's total adjusted earning capacity from all sources easily exceeded $72,000, we hold that the court did not abuse its discretion in modifying his child support obligation.[4]

---

1.  We review a trial court's findings of imputed income for clear error. *See Routh v. Andreassen,* 19 P.3d 593, 595–96 (Alaska 2001) (determination of net income for child support purposes is factual finding reviewed for error); *Dunn v. Dunn,* 952 P.2d 268, 270 (Alaska 1998) (using "clearly erroneous" standard). "We deem a factual finding to be clearly erroneous 'when we are left with a definite and firm conviction on the entire record that a mistake has been made, even though there may be evidence to support the finding.'" *Brosnan v. Brosnan,* 817 P.2d 478,

480 (Alaska 1991) (quoting *Martens v. Metzgar,* 591 P.2d 541, 544 (Alaska 1979)).

2.  Alaska R. Civ. P. 90.3(a).

3.  *Cf. Benson v. Benson,* 977 P.2d 88, 92 (Alaska 1999) (permitting calculation of support arrearages and noting "[a] contrary holding would reward recalcitrant conduct of obligors").

4.  We review modifications of child support for abuse of discretion. *Robinson v. Robinson,* 961 P.2d 1000, 1002 (Alaska 1998). Under this stan-

## B. Alleged Bias

Laybourn also alleges that the superior court prejudged his case and "erred in failing to consider all of the evidence." He bases his claim on the court's remarks at the close of Powell's evidence. Laybourn takes these remarks out of context. As mentioned earlier, the trial court noted the compelling nature of Saunders's expert testimony and warned Laybourn of the potential dangers of presenting a defense based on demonstrably false testimony. When read in light of the record as a whole, the court's remarks fail to support Laybourn's claim of bias. To the contrary, they evince a genuine concern about Laybourn's understanding of the potential implications of further testimony regarding what appeared to be a well-documented pattern of tax evasion and fraud: the court simply wanted to be certain Laybourn understood the evidently very real risk that he might incriminate himself or his proposed witnesses. After sounding this note of caution, the court heard two more days of testimony and, in the end, expressly declined to find Laybourn's defense entirely lacking in credibility. The court then entered detailed findings addressing all the evidence presented at the hearing. In the context of the record as a whole, then, Laybourn's claim of bias is unpersuasive.

## C. Attorney's Fees

Finally, Laybourn argues that the superior court abused its discretion in awarding attorney's fees. The superior court assessed $9,392.57 in attorney's fees under Alaska Civil Rule 82(b)'s schedule of partial fees; the court enhanced this award by $607.43 based on Laybourn's vexatious conduct. The total fee award was $10,000.

■ Laybourn initially claims that child support modification cases qualify as "post-judgment modifications and enforcement actions" and, as such, fall under the divorce exception to Rule 82 and are not subject to fee awards under that rule.[5] But unlike post-judgment motions to modify custody, child support motions raise issues solely pertaining to money and property and, thus, do not fall under the divorce exception.[6]

■ Laybourn separately argues that the $607 enhancement of fees was inappropriate. The superior court found that Laybourn had "engaged in bad faith and vexatious conduct in an attempt to hide his income and assets"; the court further characterized Laybourn's conduct as "outrageous." Rule 82(b)(3)(G) expressly authorizes courts to enhance fees in cases of bad faith or vexatious behavior. The superior court's finding of vexatious conduct is supported by the record, and the nominal fee enhancement is not "manifestly unreasonable."[7] We thus find no abuse of discretion.

## IV. CONCLUSION

For these reasons, we AFFIRM the superior court's judgment.

MATTHEWS, Justice, not participating.

dard, we will set aside an order for modification if a "review of the entire record leaves us with a definite and firm conviction that a mistake has been made." *Hilderbrand v. Hilderbrand*, 962 P.2d 887, 888 (Alaska 1998) (internal quotations omitted).

**5.** *See Hartland v. Hartland*, 777 P.2d 636, 644 (Alaska 1989).

**6.** *Lowe v. Lowe*, 817 P.2d 453, 460 (Alaska 1991).

**7.** *Kowalski v. Kowalski*, 806 P.2d 1368, 1372 (Alaska 1991). Laybourn argues that *Kowalski* supports his claim that enhanced fees are inappropriate. But *Kowalski* recognizes that an attempt to mislead the court for purposes of defeating a legitimate claim qualifies as vexatious conduct under Rule 82(b)(3)(G). *Id.* at 1373.