NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

# THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| KRISTINE S., | ) | |
| | ) | Supreme Court No.  S-18395 |
| Appellant, | ) | |
| | ) | Superior Court No.  3KN-15-00370 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| DAVID I., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1997 – November 8, 2023 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Kenai, Jennifer K. Wells, Judge.

Appearances:  Kristine S., pro se, Kenai, Appellant. David I., pro se, Soldotna, Appellee.

Before:  Maassen, Chief Justice, Carney, Borghesan, Henderson, and Pate, Justices.

## I.  INTRODUCTION

We recently affirmed the superior court's denial of a mother's motions to modify custody and visitation because she had not complied with the requirements of a parenting plan order.[1]  The superior court subsequently awarded the father attorney's

---

\*  Entered under Alaska Appellate Rule 214.

[1]  *Kristine S. v. David I.*, S-18176, 2022 WL 4231241, at \*1 (Alaska Sept. 14, 2022).

fees after finding that the mother acted in bad faith. The mother appeals. Because the superior court did not abuse its discretion, we affirm the award of attorney's fees.

## II. FACTS AND PROCEEDINGS

### A. Previous Proceedings

Kristine S. and David I. married in 2005 and have four children. Kristine has struggled with substance abuse for many years, and her substance abuse at times endangered the children.[2] Kristine completed various substance abuse treatment programs during the marriage but relapsed after completing each of them.[3] In 2015 David filed for divorce.

Kristine and David reached a settlement agreement and a parenting plan after four days of mediation followed by two days of negotiation. In 2016 the superior court entered a "Parenting Plan Order" (PPO) based on their agreement, awarding David primary physical and sole legal custody. The court entered a final decree of divorce in 2017.

Among the PPO's terms was a requirement that Kristine complete "a minimum of a ninety-day inpatient treatment program," followed by "an intensive out-patient treatment" program and "on-going treatment."[4] The PPO provided that Kristine could request increased supervised visitation with the children 90 days after she returned from inpatient treatment if she documented her sobriety with urinalysis results. The PPO provided that it could be modified "in writing, signed by both parties and filed in Court as a Stipulation to Modify."

Kristine began filing motions to modify the PPO requirements soon after the court issued the decree of divorce. In March 2018 the superior court denied

---

[2]     *Id.*

[3]     *Id.*

[4]     *Id.* at *1-2.

Kristine's motions and granted David's motions to enforce the PPO. The court commented on the parties' continued conflicts, observing that 134 motions had been filed, 10 hearings were held, and the court file was then at 16 volumes. The court specifically declined to modify the PPO based on Kristine's claims that she was sober because her previous representations that she was sober had turned out to be false. And it ordered Kristine to pay David's costs and attorney's fees.

Kristine filed another motion to modify custody in 2019. The court scheduled an evidentiary hearing to address new issues raised in the motion. The court ordered that the evidentiary hearing would be limited to three issues: whether David had committed a crime of domestic violence after the PPO was in effect;[5] whether the PPO's inpatient program requirement was "impossible to follow"; and "who should be an approved visitation supervisor." In July 2020 Kristine filed another motion to modify visitation. In December David responded with a renewed motion to enforce the PPO. The hearing was held over six days from June 2020 through January 2021. The parties submitted written closing arguments in February and March 2021.

The superior court denied Kristine's motions to modify custody and visitation and granted David's cross-motion and renewed motion to enforce the PPO. The court found that Kristine had not shown there had been a substantial change of circumstances or that she had established her sobriety. The court found that Kristine had not gone "six months without a missed, positive, or dilute result . . . through November 10, 2020" even though "[t]he record is replete with instances of [Kristine] proclaiming sobriety." The court concluded there was "little reason to believe [Kristine's] testimony" given her "history of manipulation and dishonesty." Kristine filed a motion for reconsideration, which the court denied in August. Kristine appealed;

---

[5] Kristine dismissed a separate lawsuit that included a domestic violence claim in January 2020.

we affirmed the superior court's decision, concluding that "the court did not err by denying her motions or limiting the scope of the evidentiary hearing."[6]

David filed a motion in superior court requesting full attorney's fees.[7] He argued that he was the prevailing party under Alaska Civil Rule 82;[8] Kristine "acted in bad faith by continuing to attempt to bypass and failing to follow the requirements of the Parenting Plan Order"; and an award of full attorney's fees was necessary "to deter [Kristine] from continuing to challenge the final custody order." Kristine opposed, arguing that AS 25.20.115 controlled,[9] their relative financial resources favored denying attorney's fees, and her motions were filed in good faith.

In March 2022 the superior court agreed with Kristine that AS 25.20.115 controlled, but awarded David "100% fees/costs." The court "affirm[ed] its prior findings that [Kristine] brought her recent motions in bad faith." As required by AS 25.20.115, the court also considered the parties' relative financial resources. After recognizing their "disparate . . . circumstances," the court observed that in light of Kristine's decision to engage in expensive and prolonged litigation "of a motion that was supposed to be prohibited by the PPO," there was "no reason why it would do anything other than award full attorney fees and costs" to David. The court observed that it had previously done "everything in [its] power to discourage [Kristine] from

---

[6] *Kristine S.*, 2022 WL 4231241, at *1.

[7] He filed the motion after Kristine filed her notice of appeal but before our decision.

[8] Alaska Civil Rule 82(b)(2) provides that "the court shall award . . . 30 percent of the prevailing party's reasonable actual attorney's fees" in civil cases that go to trial "in which the prevailing party recovers no money judgment." But this amount can vary if one party acted in bad faith. Alaska R. Civ. P. 82(b)(3)(G).

[9] Alaska Statute 25.20.115 governs attorney's fee awards in custody and visitation matters. It does not mandate a specific award amount.

filing these motions but she did not pause in her efforts to undermine the PPO, even after the court's prior award of 100% fees/costs to [David]."

Kristine appeals the attorney's fees award.

## III.  STANDARD OF REVIEW

"An award of attorney's fees under AS 25.20.115 is subject to reversal only for abuse of discretion or if the court's factual findings supporting the award are clearly erroneous."[10]

## IV.  DISCUSSION

Kristine asks this court to "remand the order regarding attorney fees back to the trial court."[11]  She argues that she did not act in bad faith and that the trial court did not properly consider the income disparity between her and David.  David urges this court to affirm the attorney's fees award.

Alaska Statute 25.20.115 governs attorney's fee awards in actions to modify, vacate, or enforce orders for custody and visitation.  Upon request of a party "the court may . . . award attorney fees and costs of the action.  In awarding attorney fees and costs under this section, the court shall consider the relative financial resources of the parties and whether the parties have acted in good faith."[12]  Both considerations must be explicit, but "[t]he parties' relative financial resources do not need to take primacy over the presence or absence of good faith."[13]

---

[10]  *Collier v. Harris* (*Collier II*), 377 P.3d 15, 20 (Alaska 2016).

[11]  On appeal Kristine also argues that the superior court erred by finding that her motions were prohibited by the PPO.  We addressed these claims in *Kristine S.*, 2022 WL 4231241, at *4-5, and decline to do so again.  *See Beal v. Beal*, 209 P.3d 1012, 1016 (Alaska 2009) (stating that law of case doctrine is grounded in principle of stare decisis, which generally prohibits reconsidering issues that have been adjudicated in previous appeal in same case).

[12]  AS 25.20.115.

[13]  *Collier v. Harris* (*Collier I*), 261 P.3d 397, 410 (Alaska 2011).

**A.    The Superior Court Did Not Err By Finding That Kristine Acted In Bad Faith.**

Kristine argues that she did not act in bad faith.[14]  David argues that Kristine lied and "actively misled the court," and that "[t]he court's finding of bad faith is well supported by the record, is based on its credibility judgment of [Kristine], and is not clear error."

An award of attorney's fees under AS 25.20.115 "is not necessarily predicated on a finding of bad faith; AS 25.20.115 requires only that the court consider the issue when deciding an award."[15]  The superior court relied on its previous finding that the PPO was designed to verify Kristine's sobriety and concluded that Kristine's motions were brought in bad faith due to "a range of reasons," including her failure to go "six months without a missed, positive or dilute result."  It noted that despite doing "everything in [its] power to discourage" Kristine from filing frivolous motions, "she did not pause . . . even after the court's prior award of 100% fees/costs."

Kristine also argues that "[t]he trial court's continued statements that [she] deviated from the PPO's testing protocols, and therefore, had not gone six months without a missed, positive or dilute result is . . . a factual error on the part of the trial court."  But the court's findings are supported by the record.  Despite the award of full attorney's fees in 2018, Kristine has continued to file motions to modify custody and visitation without even attempting to comply with the PPO's requirements.  The superior court did not clearly err by finding that Kristine acted in bad faith.

---

[14]    Because the court awarded attorney's fees under AS 25.20.115, we do not address Kristine's arguments concerning enhanced fee awards under Rule 82(b)(3)(G).

[15]    *Collier II*, 377 P.3d at 25.

**B.    The Superior Court Considered The Income Disparity Of The Parties.**

Kristine "contends that the trial court abused its discretion in refusing to properly consider the income disparity of the parties"[16] and that the award is "merely punitive."[17] David argues that "[t]he court did not fail to consider the income disparity" and that fees are necessary to deter Kristine "from filing future frivolous motions."

Alaska Statute 25.20.115 requires courts to "consider the relative financial resources of the parties," but it does not require the court to adjust the award because of it.[18] The superior court explicitly discussed the financial circumstances of both parties. The court recognized that both parties agree that David has "a much stronger financial position" than Kristine. And it deducted $12,485 from the final award for investigator and paralegal costs, as Kristine had argued. The court specifically noted that "to the extent the court makes an adjustment for disparate incomes, it is reflected in this subtraction." And as the court concluded, Kristine "has enough assets to hire an expensive expert witness, and engage in prolonged litigation . . . that was supposed to be prohibited by the PPO."

---

[16]    Kristine cites *Kowalski v. Kowalski*, 806 P.2d 1368 (Alaska 1991). But because the attorney's fees in *Kowalski* were based on Rule 82, *id.* at 1372-73, "in considering whether or not to award attorney's fees and costs under AS 25.20.115, the methodology used by the trial court should differ from that set out in *Kowalski*." *S.L. v. J.H.*, 883 P.2d 984, 986 (per curiam) (Alaska 1994), *adopted by Collier I*, 261 P.3d 397, 410 (Alaska 2011). Under AS 25.20.115 the court need only include explicit findings of the parties' relative financial resources and whether they acted in good faith. *Smith v. Groleske*, 196 P.3d 1102, 1108 (Alaska 2008).

[17]    Kristine also argues that because she "has been remarried for more than 3 years, it stands to reason that an order of this magnitude profoundly affects her husband's financial situation as well." This is immaterial to the court's analysis.

[18]    *See Collier I*, 261 P.3d at 410 ("The parties' relative financial resources do not need to take primacy over the presence or absence of good faith, but AS 25.20.115 still requires the court to make findings on both factors.").

The superior court did not abuse its discretion by awarding attorney's fees under AS 25.20.115.

## V.    CONCLUSION

We AFFIRM the superior court's attorney's fee award.