NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| JOSEPH V. RIGGS III, | ) | |
| | ) | Supreme Court No. S-18997 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-19-09136 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| AMBER D. MASON-RIGGS, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 2096 – June 25, 2025 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Ian Wheeles, Judge.

Appearances: Joseph V. Riggs III, pro se, Anchorage, Appellant. Amber D. Mason-Riggs, pro se, Anchorage, Appellee.

Before: Carney, Borghesan, and Pate, Justices. [Maassen, Chief Justice, and Henderson, Justice, not participating.]

## I.    INTRODUCTION

After a child custody modification hearing, the superior court awarded the parents equally shared physical custody and issued an order that neither parent owed child support. The father appeals, arguing that the court's order included an erroneous factual finding, lacked sufficient evidence, and failed to follow the rules for calculating

---

\*    Entered under Alaska Appellate Rule 214.

child support. We affirm the superior court's rulings because we observe no clearly erroneous factual findings, error of law, or abuse of discretion.

## II.    FACTS AND PROCEEDINGS

Amber Mason-Riggs and Joseph Riggs were married in 2004; they had two children before separating in 2019. After their divorce Amber was awarded primary legal and physical custody, and Joseph was required to pay $961 monthly in child support. However, following a three-day hearing on a motion to modify custody in March 2023, the superior court awarded the parents shared 50/50 physical custody. At that time the court also issued an order with the following findings and conclusions regarding modification of child support:

> The parties have each submitted an updated DR-305 Child Support Guidelines Affidavit. The parties earn almost exactly the same amount per year (Ms. [Mason-Riggs] earns slightly more, but Mr. Riggs testified that his income will be increasing as he gains seniority in his new job). This court therefore finds that neither party shall owe future child support as of April 1, 2023. This court directs Mr. Riggs' attorney to submit a child support order reflecting $0/month, which this court will then sign.

Joseph moved for reconsideration. The superior court granted Joseph's motion and ordered Amber to submit a corrected child support guidelines affidavit, as well as other supporting documents, including her three most recent pay stubs and 2022 tax return. Amber submitted most of these items, but she did not provide her 2022 tax return because she had not yet filed her taxes for that year. In October 2023 the court issued an order upholding its original findings from March. The court concluded that "[b]oth parties have irregular income both in 2022 and 2023 due to job changes and economic factors" and that "[i]t is not reliable to attempt to perfectly estimate either party's 2022 or 2023 income further without complete hindsight." In January 2024 the court issued an updated child support order referencing the March and October orders and reflecting its determination that neither parent owed child support.

Joseph appeals.

## III.   STANDARD OF REVIEW

"We set aside a trial court's factual findings only if they are clearly erroneous, including a trial court's findings regarding a party's income."[1]  "A factual finding is clearly erroneous if, 'after reviewing the record as a whole, [we are] left with a definite and firm conviction that a mistake has been made.' "[2]

The trial court has broad discretion when making child support determinations,[3] but "there must be sufficient evidence from which the court can make informed calculations."[4]  We review modification of a child support order for abuse of discretion.[5]  Abuse of discretion exists when the decision is "arbitrary, capricious, manifestly unreasonable, or . . . stem[s] from an improper motive."[6]

## IV.   DISCUSSION

Joseph makes a number of arguments on appeal:  (1) the court erred by finding that the parents' income was nearly equal, (2) the court's finding regarding the parents' income was not supported by sufficient evidence, (3) the court erred by failing to provide an express calculation for child support, and (4) the court erred by failing to find good cause for a variance in setting child support.  Then, in his reply brief, Joseph presents evidence to us that was not provided to the superior court prior to appeal, arguing that this evidence requires a new child support calculation.  We review each argument in turn and explain why we do not agree with Joseph.

---

[1]   *Ward v. Urling*, 167 P.3d 48, 52 (Alaska 2007) (footnote omitted).

[2]   *Dunn v. Jones*, 451 P.3d 375, 378 (Alaska 2019) (alteration in original) (quoting *Sharpe v. Sharpe*, 366 P.3d 66, 69 (Alaska 2016)).

[3]   *Ward*, 167 P.3d at 52.

[4]   *Id.* at 52, 54.

[5]   *Dunn*, 451 P.3d at 378.

[6]   *Id.* (alteration in original) (quoting *Sharpe*, 366 P.3d at 68).

**A.     The Superior Court Did Not Clearly Err By Finding That Joseph and Amber Made Nearly The Same Amount Of Money.**

The superior court found that the parents "earn almost exactly the same amount per year." We hold that this finding was not clear error.

The record in this case includes testimony, child support guidelines affidavits, W-2s, and pay stubs from each parent; the record also includes Joseph's 2022 tax return and Amber's 2021 tax return. Taken together, this information provides us with a fair picture of each parent's income. Amber's child support affidavit reflected around $60,000 in annual income, an amount that was corroborated by her 2022 W-2 and her 2021 income tax return. Joseph's affidavit claimed around $5,000 in gross income, which was significantly less than Amber's earnings. His 2022 tax return reflected approximately $15,000 in total income. But Joseph's 2023 pay stubs showed around $16,000 in total income through early March, which, when extrapolated over the course of a full year, is roughly equal to Amber's annual income as reflected in her affidavit and documentation. The superior court thus did not clearly err by finding that Amber and Joseph's incomes were "almost exactly the same."

As the superior court noted, job changes and income fluctuation made an exact calculation difficult in this case, but the law does not require exact precision under these circumstances. On the contrary, we have upheld the superior court's approximation of parents' income in situations where a precise calculation was unavailable or unfeasible.[7] Based on our independent review of the record, we are not

---

[7]     *See, e.g.*, *Pugil v. Cogar*, 811 P.2d 1062, 1066-67 (Alaska 1991) (upholding determination of income based on average of parent's past income when parent worked in industry where employment and income were erratic); *Keturi v. Keturi*, 84 P.3d 408, 413 (Alaska 2004) (holding trial court did not abuse its discretion in averaging parent's erratic income); *see also Farr v. Little,* 411 P.3d 630, 636 n.24 (Alaska 2018) ("The superior court is entitled to estimate income if more specific information is unavailable . . . ." (citing *McDonald v. Trihub*, 173 P.3d 416, 427

"left with a definite and firm conviction that a mistake has been made."[8] The evidence adequately supports the superior court's finding that the parties' annual earnings were almost exactly the same, and therefore this finding was not clearly erroneous.

**B.    The Superior Court's Finding Regarding The Parents' Income Is Sufficiently Supported By The Evidence.**

Joseph argues that Amber's income could not be accurately calculated without consideration of her 2022 tax return, and therefore the superior court's finding regarding the parents' income lacked sufficient evidentiary support. While "[t]he ultimate goal of a [child] support determination 'is to arrive at an income figure reflective of economic reality,' "[9] we have not required trial courts to base child support determinations on a parent's most current tax returns, so long as there is other evidence sufficient to support the determination.[10]

In *Ward v. Urling*, we upheld a child support order which was calculated prior to the receipt of one parent's tax return.[11] Even though tax returns "are always useful,"[12] we held in *Ward* that there was "sufficient evidence in the record for the court to determine [the party's] net income even absent her tax return."[13] The evidence in *Ward* included W-2's, pay stubs, copies of unemployment checks, and testimony.[14]

---

(Alaska 2007))); Alaska R. Civ. P. 90.3 cmt. III.F (When an obligor's income has been erratic, "the court may choose to average the obligor's past income over several years.").

[8]    *Dunn*, 451 P.3d at 378 (quoting *Sharpe*, 366 P.3d at 69).

[9]    *Id.* at 378 (second alteration in original) (quoting *Farr*, 411 P.3d at 635).

[10]    *See Ward v. Urling*, 167 P.3d 48, 54 (Alaska 2007) (finding sufficient evidence in record to determine net income, even without tax return).

[11]    *Id.*

[12]    *Id.* at 53.

[13]    *Id.* at 54.

[14]    *Id.*

The superior court has discretion to rely on the best evidence available when fashioning a child support order.[15] Here, the court considered Joseph's affidavit, 1099 form, 2022 tax return, and pay stubs. The court also considered Amber's 2021 tax return, original child support guidelines affidavit, and a corrected affidavit with "supporting documents," including a W-2, her final pay stub of 2022, and her three most recent pay stubs. It also considered testimony from both parties.

The amount and quality of the evidence here is comparable to or exceeds that which we found to be sufficient in *Ward*. In both cases the trial courts considered W-2's, pay stubs, and testimony.[16] Although there were no unemployment checks submitted for consideration here, the court also considered Amber's child support guidelines affidavit, a 2021 tax return, and other accompanying tax documents. We conclude that even without Amber's 2022 tax return, there was sufficient evidence in the record for the superior court to "reasonably assess"[17] the parents' income, and that the court did not abuse its discretion by relying on the evidence that was available.[18]

---

[15] *See, e.g.*, *Coghill v. Coghill*, 836 P.2d 921, 925 (Alaska 1992) (holding it was not abuse of discretion for trial court to rely on financial information from 1989, as opposed to data from 1990, because older data was more complete).

[16] *Ward*, 167 P.3d at 54.

[17] *Id.* ("A trial court's calculation of income should be a 'reasonable assessment' of the obligor's earning capacity." (quoting *Kowalski v. Kowalski*, 806 P.2d 1368, 1372 (Alaska 1991))).

[18] *See Farr v. Little*, 411 P.3d 630, 636 n.24 (Alaska 2018) ("The superior court is entitled to estimate income if more specific information is unavailable and has discretion to select the best evidence on which to rely."); *Thompson v. Thompson*, 454 P.3d 981, 991 (Alaska 2019) ("The superior court may exercise 'broad discretion in determining what to include it its income calculation.' " (quoting *Holmes v. Holmes*, 414 P.3d 662, 667 (Alaska 2018))).

### C. The Superior Court Did Not Abuse Its Discretion By Modifying Child Support Without Providing An Express Calculation Under Alaska Civil Rule 90.3.

Based on its finding that the parents "earn almost exactly the same amount per year," the superior court determined that neither parent owed child support. Joseph argues that the court abused its discretion by not showing the "90.3 math." In essence, Joseph faults the court for failing to adequately explain the calculations it used to determine child support.

Calculations under Alaska Civil Rule 90.3 are intended to help the court gain an accurate picture of the parties' income, and to "ensure that child support orders are adequate to meet the needs of the children."[19] The rule's formulas generally base child support awards on the parents' respective incomes and each parent's proportional share of physical custody.[20] So a parent with a higher income may be obligated to make a larger payment, but the same parent's obligation will shrink as that parent's share of physical custody grows.[21] Where two parents share physical custody equally, the only applicable variable will be the difference, if any, between the parents' incomes.[22] In other words, the goal of Rule 90.3 is to account for any financial disparity between the parents and to ensure that children's needs are met according to each parent's means and share of custodial time.[23]

---

[19] *Ruppe v. Ruppe*, 358 P.3d 1284, 1290 (Alaska 2015) (quoting Alaska R. Civ. P. 90.3 cmt. I.B).

[20] *See* Alaska R. Civ. P. 90.3(a)-(b).

[21] *See id.*

[22] *See id.*

[23] Alaska R. Civ. P. 90.3 cmt. I.B ("The primary purpose of Rule 90.3 is to ensure that child support orders are adequate to meet the needs of children, subject to the ability of parents to pay."); *id.* cmt. II ("Applications of the rule should result in a noncustodial parent paying approximately what the parent would have spent on the

Joseph is correct that the superior court's child support order does not contain the "90.3 math" used by the court to calculate the award. Instead, the order states, "See . . . findings in 3/31/2023 order and this court's order regarding child support status dated 10/30/2023." The March order does not provide a precise calculation but instead concludes that neither parent owes child support as their income is "almost exactly the same." The October order denying Joseph's motion for reconsideration and upholding the findings from the March order also does not provide an express support calculation.

But when the parents' income is equal and physical custody is also equal, the resulting child support obligation will always be zero because there is no disparity of income or physical custody. Under the circumstances of this case — where the parents equally share physical custody and make the same amount of money — we can easily discern the reasoning behind the court's ruling from its factual findings, even without an express calculation.[24] Thus, the superior court did not abuse its discretion by issuing a child support order that did not include an express calculation under Rule 90.3.[25]

---

children if the family was intact."). "Although we have not adopted or approved the commentary, we often rely upon it for guidance in child support matters." *Faulkner v. Goldfuss*, 46 P.3d 993, 998 (Alaska 2002) (internal quotation marks omitted) (quoting *State, Child Support Enf't Div. v. Bromley*, 987 P.2d 183, 194 (Alaska 1999)).

[24] *See Price v. Eastham*, 128 P.3d 725, 727 (Alaska 2006) (To allow for meaningful appellate review, "the superior court must provide findings sufficient to give a clear understanding of the grounds upon which it reached its decision.").

[25] *See Dunn v. Jones,* 451 P.3d 375, 378 (Alaska 2019) ("An abuse of discretion is found where a decision is 'arbitrary, capricious, manifestly unreasonable, or . . . stem[s] from an improper motive.' " (alteration in original) (quoting *Sharpe v. Sharpe*, 366 P.3d 66, 68 (Alaska 2016))).

**D.     The Superior Court Did Not Vary From Rule 90.3.**

Joseph also argues that the superior court erred by varying from Rule 90.3 without good cause. He insists that "the 90.3 rule should be applied" or that the court should "specify in writing the amount of support which would have been required by for variation."

Rule 90.3(c)(1) provides that:

> The court may vary the child support award as calculated under the other provisions of this rule for good cause upon proof by clear and convincing evidence that manifest injustice would result if the support award were not varied. The court must specify in writing the reason for the variation, [and] the amount of support which would have been required but for the variation . . . .

But the court's order here did not constitute a variance from Rule 90.3. A variance occurs when a child support award is different than what is "calculated under . . . this rule."[26] As explained above, because there is no disparity in the parents' income or custodial time, the calculation under Rule 90.3 results in an award of $0. This is exactly what the superior court ordered. The award did not constitute a variance from Rule 90.3, and thus the court was not required to find good cause for its award of child support.

**E.     We Will Not Consider New Evidence On Appeal.**

In his reply brief Joseph attached Amber's 2023 tax return. This tax return, he argues, demonstrates that Amber's income is actually "three times the amount" that she claimed in the child support affidavit she submitted to the court. But Amber's 2023 tax return was not provided the superior court prior to this appeal, and this information is not part of the record on appeal. "Material never presented to the

---

[26]     Alaska R. Civ. P. 90.3(c)(1).

trial court may not be added to the record on appeal."[27]  Therefore, we will not consider evidence of Amber's 2023 tax return in this appeal.

## V.     CONCLUSION

The superior court's child support order is AFFIRMED.

---

**27**     Alaska R. App. P. 210(a); *see Paula E. v. State, Dep't of Health & Soc. Servs., Off. of Child.'s Servs.*, 276 P.3d 422, 430 (Alaska 2012).