Douglas Wayne BROTHERTON,
Appellant,

v.

Tahni Warner BROTHERTON, Appellee.

No. S–11852.

Supreme Court of Alaska.

Sept. 1, 2006.

———————

Herbert M. Pearce, Law Office of Herbert M. Pearce, Anchorage, for Appellant.

Tahni Warner Brotherton, pro se, Anchorage, Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

FABE, Justice.

## I. INTRODUCTION

Parties to a divorce proceeding appear before this court for the third time to resolve a debt arising out of the marital property division first made in 1995. The superior court ordered Douglas Brotherton to pay to Tahni Brotherton a sum equal to one-half interest in the "Wasilla property" coupled with an interest rate of 10.5%. Douglas appeals on the grounds that Tahni did not obtain a writ of execution within five years and did not have "just and sufficient reasons" to justify her failure to do so. Douglas also appeals the 10.5% post-judgment interest rate and the date from which it is to be calculated. Tahni additionally seeks to appeal the superior court's denial of her request that Douglas be required to pay a debt still owed to Tahni's mother. We affirm the superior court's rulings on all issues.

## II. FACTS AND PROCEEDINGS

Douglas Brotherton and Tahni Brotherton were married in 1981, separated in 1991,[1] and divorced pursuant to a decree entered in April 1995. Tahni asked for alimony but the superior court determined that "the most appropriate way to deal with a request for alimony is to consider all of the property of the parties, including the $33,800 equity in Douglas'[s] pre-marital property in Wasilla." The "Wasilla property" is a five-acre parcel

of land with a mobile home trailer that generates a rental income. It was bought by Douglas approximately sixteen months before Douglas and Tahni were married.

In the original divorce decree issued in April 1995, Tahni was awarded "[o]ne-half of the equity of the Wasilla property having a fair market value of $16, 900." Douglas appealed the divorce decree on a number of issues, including the "invasion of his premarital property,"[2] to this court. We issued a decision (*Brotherton I* ) in which we held that the superior court must clarify whether the Wasilla property was marital or separate property.[3] The status of the Wasilla property was unclear because while the superior court called it "premarital property," evidence also showed that the mortgage had been paid using marital funds.[4]

In its order on remand of April 14, 1998, the superior court concluded that the Wasilla property was marital property because during the time the couple was together, marital funds in the approximate amount of $22,318 were used to pay the mortgage payments, the parties jointly managed the property, and Douglas treated the property as a joint holding. Tahni was again awarded $16,900, representing her half of the equity in the Wasilla property.

Douglas filed a motion for reconsideration on April 23, 1998, which was denied in full on May 15, 1998. Douglas then appealed again to this court on June 12, 1998; during this appeal the parties stipulated to have the trial court review the matter one more time to correct errors contained in the first order on remand. The trial court entered a new order on remand on February 10, 1999, in which an arithmetic error was corrected such that Tahni was awarded $15,600 as her portion of the equity in the Wasilla property.

Douglas again appealed this result to this court and we issued a memorandum opinion and judgment (*Brotherton II* ) on March 1,

---

1. *Brotherton v. Brotherton,* 941 P.2d 1241, 1243 (Alaska 1997) (*Brotherton I* ).

2. *Id.*

3. *Id.* at 1246–47.

4. *Id.*

2000.[5] We affirmed the superior court because Douglas did not provide any evidence to demonstrate that the superior court had erred in its determination that the Wasilla property was marital property. We denied Douglas's petition for rehearing on March 22, 2000. The order upon conclusion of appeal was issued by the superior court on April 4, 2000.

Tahni did not file a motion for entry of judgment concerning the Wasilla property until October 21, 2004. Her motion asked for the amount of $15,600 plus accrued interest at 10.5% effective from April 18, 1995. In the same motion, Tahni asked for the amount of $10,600 plus accrued interest at 10.5% that Douglas owed to her mother, Wanda M. Warner, pursuant to the trial court's findings of fact and conclusions of law dated April 18, 1995. Douglas opposed Tahni's motion for entry of judgment on the basis that: (1) Tahni was seeking to execute on a judgment more than five years old; and (2) Tahni was seeking to collect on a promissory note on her mother's behalf.

No hearing was held in this matter. The superior court issued its order on February 1, 2005. The superior court granted Tahni's motion for entry of judgment on her own behalf, reasoning that "[Tahni's] failure to obtain a writ of execution within five years after the judgment entered in the divorce case in 1995 is understandable given the high level of animosity in the case and the fact that the case was appealed and was not affirmed until 2000." The superior court also found "that there are just and sufficient rea-

sons for Ms. Brotherton to have failed to obtain a writ of execution earlier." The superior court additionally determined that "Ms. Brotherton is entitled to interest at the rate of 10.5%." Tahni's motion to collect a debt on behalf of her mother was denied.

Douglas now appeals the trial court's grant of the motion for entry of judgment, award of 10.5% interest, and determination of the date from which the interest should be calculated. In her brief, Tahni appears to contest the denial of her motion on behalf of her mother. But because she did not timely file an appeal or cross-appeal, that matter is not properly before the court.[6]

## III. STANDARD OF REVIEW

 This court exercises its independent judgment when interpreting and applying statutes of limitation.[7] Alaska statutes do not impose a definitive time limitation on the commencement of executions of judgment.[8] But if a judgment creditor seeks execution upon a valid judgment after five years, "just and sufficient reasons" must be demonstrated for the delay.[9]

 The superior court's decision to allow execution on a judgment more than five years old is a mixed question of law and fact. Questions of law are reviewed de novo.[10] Questions of fact are reviewed under the clearly erroneous standard.[11] But if the facts are undisputed, then this court may employ an independent standard of review and apply a legal doctrine to those facts without deferring to the trial court.[12]

---

5. *Brotherton v. Brotherton*, Mem. Op. & J. No. 957 (Alaska, March 1, 2000) 2000 WL 34545647.

6. *See* Alaska R.App. P. 204; *Alaska Brick Co. v. McCoy*, 400 P.2d 454, 457 (Alaska 1965) ("Orderly procedure will not permit an appellee to attack a judgment for the first time in his brief in the appellant's appeal.").

7. *Koss v. Koss*, 981 P.2d 106, 106–07 (Alaska 1999).

8. AS 09.35.020.

9. *Id.*; Alaska R. Civ. P. 69(d); *State, Dep't of Revenue, Child Support Enforcement Div. ex rel. Inman v. Dean*, 902 P.2d 1321, 1324–25 (Alaska 1995).

10. *Moody–Herrera v. State, Dep't of Natural Res.*, 967 P.2d 79, 82 (Alaska 1998).

11. *Id.*

12. *Guttchen v. Gabriel*, 49 P.3d 223, 226–27 (Alaska 2002) (holding that just and sufficient reasons existed as a matter of law where both parties had the opportunity to present their positions to the superior court in memoranda and affidavits, neither party requested an evidentiary hearing before the superior court, and the critical facts surrounding the issue were undisputed); *Foss Alaska Line, Inc. v. Northland Servs., Inc.*, 724 P.2d 523, 526 (Alaska 1986) (noting that we may apply a legal doctrine to undisputed facts without deferring to the superior court).

## IV. DISCUSSION

### A. Tahni's Motion for Entry of Judgment Was Properly Granted.

█ The main question in this case is whether Tahni had presented to the superior court "just and sufficient reasons" for her failure to obtain a writ of execution within five years after the entry of judgment.[13] The question is governed by AS 09.35.020, which provides:

> When a period of five years has elapsed after the entry of judgment and without an execution being issued on the judgment, no execution may issue except by order of the court in which judgment is entered. The court shall grant the motion if the court determines that there are just and sufficient reasons for the failure to obtain the writ of execution within five years after the entry of judgment.

In *Dean*, we construed this statute to require a showing of "good cause" for delay in execution.[14] Alaska Statute 09.35.020 is implemented by Civil Rule 69(d).[15]

In its order granting Tahni's motion, the superior court found two reasons for Tahni's delay that it considered just and sufficient: (1) "the high level of animosity in this case"; and (2) "the fact that the case was appealed and was not affirmed until 2000." Douglas disputes that either reason constitutes a "just and sufficient" reason for Tahni's delay. We disagree and hold that the first reason is a factual determination well within the superior court's discretion and that the second is a just and sufficient reason as a matter of law.

Douglas first disputes the superior court's determination that Tahni's delay was justified by the high level of animosity in the case by noting that "[h]igh levels of animosity are present in many of the [divorce] cases that end up going to trial." But there is sufficient evidence in the record to support the superior court's finding that Tahni's delay was due to the acrimonious relationship between the parties. Both parties have had ongoing conversations about and attempted to come to agreement about the debt in the past. It remains in dispute whether Tahni in fact forgave the debt. There has been at least one settlement negotiation meeting in Douglas's attorney's office concerning the divorce decree and the parties have attended thera-

---

**13.** Tahni additionally claims that the five-year period for execution of judgments under AS 09.35.020 should be measured from the date the superior court issued its order upon the conclusion of the appeal on April 4, 2000. But in Alaska, absent a stay or supersedeas bond, an appeal does not in itself prevent execution on a domestic judgment. Alaska R.App. P. 204(d) & 603; *Liberty Nat'l Ins. Co. v. Eberhart*, 398 P.2d 997 (Alaska 1965).

**14.** 902 P.2d at 1324. In *Dean*, we stated that administrative efforts to collect past-due support payments and evidence of previous attempts to execute might show "good cause." *Id.* at 1325. In *Magden v. Alaska USA Fed. Credit Union*, we added that delay was excused if execution on a judgment would be futile because no assets were available to be executed upon. 36 P.3d 659, 662 (Alaska 2001). In *Guttchen*, we determined that delay was justified when the party opposing the execution of judgment was in control of the preconditions to the filing of the motion to execute. 49 P.3d at 227.

**15.** Civil Rule 69(d) provides in relevant part:
 **Execution After Five Years.** Whenever a period of five years shall elapse without an execution being issued on a judgment, no execution shall issue except on order of the court in the following manner:

(1) The judgment creditor shall file a motion supported by affidavit with the court where the judgment is entered for leave to issue an execution. The motion and affidavit shall state the names of the parties to the judgment, the date of its entry, the reasons for failure to obtain a writ for a period of five years and the amount claimed to be due thereon or the particular property of which possession was adjudged to the judgment creditor remaining undelivered.

(2) Upon filing such motion and affidavit the judgment creditor shall cause a summons to be served on the judgment debtor in accordance with the provisions of Rule 4. In the event the judgment debtor is deceased, the summons may be served upon the judgment debtor's representative. The summons shall state the amount claimed or the property sought to be recovered under the judgment.

(3) The judgment debtor, or, in the event of the judgment debtor's death, the judgment debtor's representative, may file and serve a verified answer to such motion within the time allowed to answer a complaint, alleging any defense to such motion which may exist. The judgment creditor may file and serve a verified reply to such answer. The judgment debtor waives all defenses and objections which the judgment debtor does not present by answer as herein provided.

peutic counseling. In addition, as Tahni points out, she deferred enforcement action "since 2000, as [she] feared for the consequences it would have on [their] already fractured relationships, especially the effects it might have on [their] children." The parties have engaged in an ongoing and bitter custody dispute with hearings before the superior court as recently as January 2005. The record contains materials pertaining to the custody case indicating that the parties have found little common ground. Thus, the superior court did not err in determining that Tahni's delay was excused "given the high level of animosity in the case."

■ Douglas also disputes the superior court's second finding, that Tahni's delay was excused because "the case was appealed and was not affirmed until 2000." Implicitly, the superior court found that waiting until all appeals are exhausted is in itself a just and sufficient reason for delay for the purposes of AS 09.35.020. We agree with the superior court.

In this case, it is undisputed that Douglas vigorously appealed the award of one-half of the equity in the Wasilla property until all avenues of appeal were exhausted.[16] It is a general rule that a judgment creditor executes on a judgment at his or her peril while appeals are pending because any monies received in excess of the final amount of the award must be returned.[17] In this case, as Tahni points out, she was uncertain of the status of the award as well as the amount of the award until all avenues of appeal were exhausted. Indeed, the dollar amount of the award had already been reduced once. Tahni therefore had reason to wait until the appeals were exhausted and she was certain of the amounts due her before executing on the judgment. And Tahni's delay did not prejudice Douglas, since it is difficult for the person who is appealing to claim unfair surprise when the opposing party executes upon the judgment within five years of the appeal.[18] In short, waiting for exhaustion of the appeals process before executing on the judgment constitutes a just and sufficient reason to excuse delay and strikes a proper balance of rights and duties of both parties implicit in the language of AS 09.35.020.[19]

We therefore hold that the superior court's decision to allow execution was well within its discretion and that waiting until the appeals process is exhausted before moving for execution of judgment provides a just and sufficient reason to excuse delay.

### B. The Award of Interest Was Proper.

■ The superior court also stated that Tahni was "entitled to interest at the rate of 10.5%." Douglas disputes this rate of interest, arguing that when we reversed and remanded the original 1995 award to Tahni and the superior court entered a new judgment on remand in 1999, the 1999 date became the effective date for the purposes of calculating interest. And while the statutory interest rate for money judgments before 1997 was fixed at the rate of 10.5%, after 1997, interest is to be calculated in accord with AS

---

**16.** Douglas appealed the entirety of the property division to this court (*Brotherton I*, 941 P.2d at 1241); filed a motion to reconsider the superior court's order on remand, which was denied; filed another appeal to this court resulting in an order on remand "for entry of a corrected order on remand"; further appealed that order to this court, resulting in our memorandum opinion and judgment of March 1, 2000 (*Brotherton*, Mem. Op. & J. No. 957 (Alaska, March 1, 2000) 2000 WL 34545647); and finally filed for and was denied a petition for rehearing of that memorandum opinion and judgment.

**17.** 5 Am.Jur.2d *Appellate Review* § 433.

**18.** Douglas argues that this reasoning implies that parties to a divorce with contested custody actions "would not be required to execute on a judgment as long as there was pending litigation between the parties." But we note that Tahni's delay was not due to just any lawsuit between the parties, but to repeated appeals of the very monetary award at issue.

**19.** Statutes of limitations attempt to strike a balance between ensuring that claimants have enough time to file a claim and protecting persons from due process concerns that arise when subjected to stale charges. *Long v. Holland Am. Line Westours, Inc.*, 26 P.3d 430, 434 (Alaska 2001). In this context, it is noteworthy that AS 09.35.020 does not impose a definitive statute of limitations on the execution of judgments but leaves the balancing of rights and duties between the parties to the discretion of the trial court.

▉▉▉▉▉▉▉▉▉

09.30.070.[20] If Douglas's argument were correct, he would only owe 7.5% interest if it were calculated from 1999.[21]

As an initial matter, we note that Douglas has likely waived this argument. Civil Rule 69(d)(3) states that "[t]he judgment debtor waives all defenses and objections which the judgment debtor does not present by answer as herein provided." In this case, Douglas, although represented by a lawyer, did not dispute the interest amount in his response to Tahni's motion for entry of judgment.

▉▉▉ But even assuming that Douglas had not waived his objection to the award of interest, his argument has no merit. He bases his argument merely on the request that Tahni "not be allowed to benefit financially from her lack of diligence" and on other concerns of "injustice." But Alaska has a clear rule on the effect of modification or reversal of a judgment on interest calculations. Alaska Rule of Appellate Procedure 509 provides:

> If a judgment for money in a civil case is affirmed, interest at the rate prescribed by law shall be payable from the effective date of the judgment of the trial court. If in a civil case a judgment is modified or reversed with directions that a judgment for money be issued by the trial court, interest on the new judgment at the rate prescribed by law shall be payable from the effective date of the prior judgment which was modified or reversed.

Thus, if an appeal modifies or reverses a judgment and directs that a judgment for money be issued by the trial court, the interest is to be calculated from the date of the original judgment entered by the trial court.

In this case, this court reversed the superior court and remanded for "a clarification of the findings with regard to the Wasilla property, and any necessary adjustments to the distribution resulting from these issues and the court's treatment of the reduction of the marital debt." [22] That language amounts to a reversal "with directions that a judgment for money be issued by the trial court" and, following the direction of Rule 509, interest at 10.5% is thus to be calculated from the date of the original judgment of April 18, 1995.

## V. CONCLUSION

We AFFIRM the rulings of the superior court on all issues.

**20.** *See* ch. 26, §§ 18, 19, SLA 1997; *Marine Solution Servs. v. Horton,* 70 P.3d 393, 415 (Alaska 2003). AS 09.30.070 provides, in relevant part:

> [T]he rate of interest on judgments and decrees for the payment of money, including prejudgment interest, is three percentage points above the 12th Federal Reserve District discount rate in effect on January 2 of the year in which the judgment or decree is entered[.]

**21.** *See* Alaska Court System, How to Determine Pre- and Post–Judgment Interest Rates, http://www.state.ak.us/courts/int.htm.

**22.** *Brotherton,* 941 P.2d at 1248.