**Thomas F. FIDLER, Appellant,**

v.

**Colleen J. FIDLER, Appellee.**

**No. S–14683.**

Supreme Court of Alaska.

Feb. 15, 2013.

---

**33.** 759 P.2d 528, 537 (Alaska 1988).

**34.** *Id.* at 530 and n. 4.

**35.** *Id.* at 531.

**36.** *Id.* at 537.

**37.** 25 C.F.R. § 169.20 (2012) (emphasis added).

Before: FABE, Chief Justice, WINFREE, STOWERS, MAASSEN, and BOLGER, Justices.

## ORDER

IT IS ORDERED:

1. Thomas Fidler appeals from the March 2012 entry of a Long Term Domestic Violence Protective Order in favor of Colleen Fidler. The domestic violence proceedings were consolidated with the Fidlers' divorce and child custody proceedings, and the long-term protective order included provisions for interim custody. To the extent Thomas's appeal relates to what otherwise might be non-appealable interim orders, we treat the appeal as a granted petition for review.[1]

2. The record reflects that on December 22, 2011, Colleen filed a petition for domestic violence protective orders and that a 20–day ex parte protective order was issued that day. After repeated delays during which the ex parte protective order remained in place, requests for a long-term protective order and an interim child custody order, in connection with the Fidlers' divorce proceeding, were consolidated and ultimately set for trial on March 9, 2012. But on March 2 the court notified the parties and issued an order that the trial was cancelled and that there would be a status conference on March 9 instead, with the judge to appear telephonically from another city.

3. On March 8 the court left Thomas several telephone messages that the trial had been reinstated for March 9; Thomas did not receive the messages. On the morning of March 9, the court calendar still reflected only the status hearing. Thomas appeared in court on March 9 believing he was attending a status hearing having been scheduled for that day. Thomas stated that he was

---

1. *See Husseini v. Husseini,* 230 P.3d 682, 687 (Alaska 2010) (quoting *Leege v. Strand,* 384 P.2d 665, 666–67 (Alaska 1963)) (treating a "purported appeal as a petition for review and [deciding] the questions presented to the same extent and with the same effect as on appeal" to avoid causing hardship and injustice).

unprepared for trial and was not represented; his expected counsel for trial was away on vacation that day but was planning to make an appearance at the long-term protective order trial. The trial court judge unsuccessfully attempted to contact the attorney. The judge stated that because Thomas's attorney had not entered an appearance, a motion for continuance would not be considered. The judge told Thomas that the court had left "many, many messages yesterday telling [him] that we were going on with the hearing." Throughout the trial, Thomas repeated his objection that he was unprepared. He stated that he could not effectively cross-examine Colleen by himself. He was unable to present pictures of his house for issues of repairs and instead had to rely on eyewitness testimony. He also was unprepared to offer evidence or exhibits on the couple's finances and was therefore barred from addressing the topic during closing arguments.

4. After considering the testimony, the trial court found that Thomas had unlawfully entered Colleen's home on December 22, 2011, and had violated the ex parte protective order at least twice. The court held that "[t]hese multiple acts constitute a history of perpetrating DV as that term is used in AS 25.24.150(g)-(i)," the statutory guidelines for awarding custody. The court issued a long-term protective order forbidding Thomas from contacting Colleen except by texts or emails regarding the children's well-being or by phone to discuss emergencies regarding the children. The long-term protective order required Thomas to enter a relapse prevention program and not to possess or use any controlled substances except as prescribed. Finally, it awarded Colleen temporary custody of the children and allowed Thomas only supervised visitation on alternating weekends.

5. "Refusal to grant a continuance is an abuse of discretion when a party has been deprived of a substantial right or seriously prejudiced."[2] "The particular facts and circumstances of each case determine whether the denial of a continuance is so unreasonable or so prejudicial as to amount to an abuse of discretion."[3] "Because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties," continuance should be denied "unless there is some weighty reason to the contrary. One such weighty reason is prejudice to the substantial rights of parties by forcing them to go to trial without being able to fairly present their case."[4]

6. Under the circumstances of this case, it was an abuse of discretion, if not a denial of due process,[5] to deny a short continuance of the trial for Thomas's benefit. We therefore vacate the March 2012 order and remand for further proceedings as necessary.

7. Although Thomas raises concerns with the trial court's domestic violence findings, we will not consider the merits of those

---

2. *Shooshanian v. Dire,* 237 P.3d 618, 623 (Alaska 2010) (quoting *Siggelkow v. Siggelkow,* 643 P.2d 985, 986–87 (Alaska 1982)) (internal quotation marks omitted).

3. *Siggelkow,* 643 P.2d at 987 (citing *Wright v. State,* 501 P.2d 1360, 1366 (Alaska 1972); *Kalmus v. Kalmus,* 103 Cal.App.2d 405, 230 P.2d 57, 64 (1951)).

4. *Shooshanian,* 237 P.3d at 623 (quoting *Siggelkow,* 643 P.2d at 987) (internal quotation and editing marks omitted).

5. Due process requires "a certain level of procedural fairness." *Nichols v. Eckert,* 504 P.2d 1359, 1364 (Alaska 1973). This includes the opportunity to be heard at a meaningful time and in a meaningful manner in order to allow an aggrieved party opportunity to present a case and have its merits fairly judged. *Zok v. Estate of Collins,* 84 P.3d 1005, 1008 (Alaska 2004). "Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded." *Doe v. State,* 487 P.2d 47, 57 (Alaska 1971) (quoting *In re Gault,* 387 U.S. 1, 33, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967)). For example, in *Cushing v. Painter,* 666 P.2d 1044, 1045–46 (Alaska 1983), we held that the trial court violated a parent's right to due process by entering a permanent child custody order when notice of the scheduled hearing was limited to interim custody and the parties had only five days to prepare. Because we reverse for abuse of discretion, we do not need to reach Thomas's argument that the trial court violated his due process rights. *See Frost v. Spencer,* 218 P.3d 678, 682 (Alaska 2009) (resolving case on abuse of discretion rather than due process grounds in recognition of our practice of reaching constitutional issues only when a case cannot be fairly decided on other grounds).

findings in light of our decision vacating the long-term protective order and remanding for further proceedings.

8. The long-term protective order entered in March 2012, including the provisions for interim custody as they may relate to the Fidlers' divorce proceedings, is VACATED and the case is REMANDED for further proceedings. We do not retain jurisdiction.

Entered by direction of the court.