*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KEVIN M. EASLEY, ) | Supreme Court Nos. S-16061/16131 |
| Appellant and Cross-Appellee, ) | Superior Court No. 3AN-07-06831 CI |
| v. ) | O P I N I O N |
| TAMMY M. EASLEY, ) | No. 7165 – April 7, 2017 |
| Appellee and Cross-Appellant. ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Catherine M. Easter, Judge.

Appearances: Daniel I. Pace, Pace Law Offices, Anchorage, for Appellant/Cross-Appellee. Jeffrey J. Jarvi, Anchorage, for Appellee/Cross-Appellant.

Before: Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

BOLGER, Justice.

## I. INTRODUCTION

In a 2008 divorce decree based on a settlement agreement, an ex-husband was ordered to sell the marital home and thereafter pay his ex-wife her share of the estate. But by 2015 he had not yet done so. The superior court ordered the ex-husband to sell the home in 90 days and entered judgment against him after the deadline passed. The ex-husband now appeals on due process and equity grounds, and the ex-wife appeals

seeking prejudgment interest, attorney's fees, and costs. Because both parties' arguments lack merit, we affirm the superior court's order.

## II.    FACTS AND PROCEEDINGS

Tammy Easley filed for divorce from Kevin Easley in 2007 after more than a decade of marriage. Paragraph 21(b) of their 2008 divorce decree, which was based on a settlement agreement, required Kevin to pay Tammy $325,000 after selling the marital home. The settlement structure made the sale of the home a condition precedent to the disbursement of most of Tammy's share of the estate.[1] Paragraph 22 of the decree required Kevin to pay Tammy $3,500 in spousal support each month until the sale.

As early as 2009, however, Kevin realized that the marital home had substantially declined in value. That year he filed an Alaska Civil Rule 60(b) motion for relief from judgment asserting a mutual mistake of fact regarding the valuation of the home. The motion was denied, but Kevin still delayed selling the home. Accordingly, in the summer of 2014 the court requested briefs and oral argument regarding whether to read into the decree a term setting a date certain for sale of the home. Following the hearing the court decided not to set a date at that time. But later that year the case was transferred to a new judge, and at a December hearing the parties again discussed the issue. Ultimately, at a "motion hearing" in June 2015, the court revisited the issue sua sponte, decided that "seven years is reasonable," and ordered Kevin to sell the home within 90 days, at which point Tammy would be entitled to the $325,000 owed to her regardless of whether the sale was made.

Kevin moved for reconsideration, objecting to the order on due process and equity grounds. The court denied the motion, noting that it could "think of no

---

[1]    In addition to the $325,000, Kevin was required to pay Tammy $2,560 each month for 12 years after the sale in order to balance the property division.

circumstances under which it would be reasonable to require a financially disadvantaged divorcee to wait seven years (or more) before receiving financial recompense for her fair share of an estate that her former spouse has, in near entirety, continued to possess." The court further emphasized that Kevin "was given ample notice and opportunity to be heard." After 90 days passed and the home was not sold, Tammy moved for entry of judgment without opposition from Kevin. In October 2015 the court entered judgment against Kevin in the amount of $325,000 but denied Tammy's motion for prejudgment interest, attorney's fees, and costs.

Kevin now appeals, arguing that he was not given notice or an opportunity to be heard regarding the sale of the marital home and the interpretation of the decree, and that he was prejudiced by this lack of due process. In the alternative Kevin argues that equity requires offsetting the amount he owes Tammy by the amount of spousal support he has paid over the years. Tammy also appeals, arguing that she is entitled to prejudgment interest, attorney's fees, and costs.

## III.   DISCUSSION

### A.   Kevin's Due Process And Equity Arguments Are Meritless.

#### 1.   Due process

Kevin argues that the superior court violated his due process rights "when it failed to give him notice and an opportunity to be heard pertaining to the sale of the marital home and the intent of the parties regarding the equitable distribution of marital property." Kevin's due process rights would be violated if the superior court did not provide him with adequate notice and an opportunity to be heard and if Kevin suffered

actual prejudice as a result.[2] "Whether the superior court violated a party's due process rights is a question of law, which we review de novo."[3]

We conclude that Kevin received adequate notice and an opportunity to be heard and thus do not reach the prejudice argument. Kevin's version of events — in which he was "ambushed" by a sudden order to sell the marital home — omits important aspects of the procedural history. The record reveals that Kevin had notice of and was given numerous opportunities to be heard regarding the issue of enforcing the settlement agreement. As early as 2009, Kevin had argued that the marital home could not be sold for its appraised value when he unsuccessfully asserted that a mutual mistake of fact underlay the settlement agreement.[4] Then after a summer 2014 hearing regarding whether the divorce decree required Kevin to sell the home by a certain date, the court issued an order stating that it "finds there is no basis for the court to take any action at this time regarding the sale of the marital home." But at two hearings in December 2014 and June 2015, a new judge considered whether circumstances regarding continued

---

[2]     *See Moody v. Royal Wolf Lodge*, 339 P.3d 636, 643 (Alaska 2014); Alaska Const. art. I, § 7 ("No person shall be deprived of life, liberty, or property, without due process of law.").

[3]     *McCarrey v. Kaylor*, 301 P.3d 559, 563 (Alaska 2013) (citing *A.M. v. State*, 945 P.2d 296, 302 (Alaska 1997)).

[4]     Kevin focuses on the word "proceeds" in paragraph 21(c) of the divorce decree, arguing that the $325,000 amount was based on the home's equity and that he was denied the opportunity to present evidence of this intent or the actual home value. He claims that "not in one instance was the issue of proceeds brought before the trial court." But Kevin previously raised this issue in his motion for relief from judgment in 2009; the court denied the motion, and Kevin did not appeal. Kevin's argument is also against the plain meaning of the decree. Tammy's right to the $325,000 comes from paragraph 21(b), which does not mention "proceeds"; it simply states that "[u]pon the sale of the property, Kevin Easley shall pay $325,000 to Tammy Easley."

litigation and the long delay in selling the home made necessary a date certain for the sale, and the court ultimately decided to order Kevin to sell the home and pay Tammy her share of the estate. At the 2015 hearing, Kevin's attorney protested that the previous judge "ruled that there is no definitive date certain on the divorce decree," and the court responded that it was "making a decision right now."[5] The attorney made no further objection to the resolution of this issue during the proceeding. Kevin also had an opportunity to make his offset argument in response to Tammy's motion for judgment, but he did not file any opposition.[6] After so many opportunities to be heard, Kevin's argument that his due process rights were violated must fail.

Furthermore, we have held that adequate notice gives "an aggrieved party opportunity to present a case and have its merits fairly judged."[7] We have previously found due process satisfied when an ex-husband alleged that he believed a hearing would only be about visitation but instead resulted in a modification of physical custody.[8] We stated that the ex-husband in that case "had notice" that the ex-wife "sought equal time with the children" because she had made such a statement in filings and testimony, and

---

[5]     *Cf. West v. Buchanan*, 981 P.2d 1065, 1067 (Alaska 1999) (recognizing "the power of one trial court judge to overrule another, in the proper exercise of judicial discretion"), *superseded by rule on other grounds as stated in Sellers v. Kurdilla*, 377 P.3d 1, 11 (Alaska 2016).

[6]     *Cf. Keenan v. Wade*, 182 P.3d 1099, 1107 (Alaska 2008) ("Generally, a party's failure to file a timely opposition to a motion results in waiver of the right to object on appeal unless there is plain error." (citing *Kenai Peninsula Borough v. Cook Inlet Region, Inc.*, 807 P.2d 487, 500 (Alaska 1991))).

[7]     *Fidler v. Fidler*, 296 P.3d 11, 13 n.5 (Alaska 2013) (citing *Zok v. Estate of Collins*, 84 P.3d 1005, 1008 (Alaska 2004)).

[8]     *Siekawitch v. Siekawitch*, 956 P.2d 447, 449-50 (Alaska 1998).

he had shown he was aware of her intentions in his filings in opposition.[9]  The facts are similar here:  Because of the previous back-and-forth between the parties on the issue of enforcement of the divorce decree, Kevin lacked neither notice of Tammy's desire to be paid her share of the estate nor an opportunity to oppose her arguments.[10]  We therefore conclude that Kevin was afforded adequate due process.

### 2.  Equity

As an alternative to his due process arguments, Kevin argued in his motion for reconsideration and repeats on appeal that he is entitled to offset the property distribution payments by the total amount he has paid in spousal support, around $294,000 as of July 2015.[11]  We review a settlement agreement using contract principles, and the proper meaning of a contract is a legal question, which we review de novo.[12]

---

[9]     *Id*. at 450.

[10]     Additionally, the facts here distinguish the principal case Kevin relies on in his brief, *Cushing v. Painter*, 666 P.2d 1044 (Alaska 1983).  In *Cushing* we vacated a permanent custody award due in part to lack of notice because the parties thought the hearing involved only an interim custody issue.  *Id*. at 1046.  We noted that the "particular circumstances" of that case were crucial to its holding.  *Id*.  Kevin argues that this case is "even worse," but *Cushing* involved an expedited hearing and the sensitive issue of permanent custody of a child, while this case involves multiple hearings and the distribution of property under an existing agreement.

[11]     Kevin also argues that the date of valuation of the marital home should have been closer to the original June 2008 trial date and asks us to correct the fact that the court overlooked "the dropping real estate market."  But this argument is waived; Kevin was a party to the settlement agreement upon which the superior court relied in issuing its divorce decree and had prior opportunities to insist on a different valuation but did not successfully do so or timely appeal.  *See* Alaska R. App. P. 204(a)(1) (appeal must be filed within 30 days of judgment).  And Kevin does not persuade us that we should overlook this waiver "for equity purposes."

[12]     *Gunn v. Gunn*, 367 P.3d 1146, 1150 (Alaska 2016).  When the court considers extrinsic evidence, we review its factual determinations for clear error and

Kevin is not entitled to offset his spousal support payments against the property distribution payment. The divorce decree provided for marital property and spousal support in separate provisions, and, as the superior court explained, the "spousal support was not couched as, or otherwise implied to be, a component of the property distribution."[13] One provision required Kevin to sell the marital home and "[u]pon sale of the property . . . pay $325,000 to Tammy." A second provision stated that "until the marital home is sold and Tammy Easley receives her share of the proceeds, Kevin Easley shall pay $3,500 per month to Tammy Easley as spousal support." Nothing in that language entitles Kevin to offset the spousal support he has paid to Tammy against the $325,000 she was entitled to receive upon sale of the home. Kevin agreed to undertake the responsibility of selling the home, and he agreed to pay $3,500 a month in spousal support until he did so. The spousal support payments were not a substitute for the value of the marital home. Rather, they took the form of an interim monthly award due until Tammy received her distribution from the sale of the home. We therefore conclude that Kevin is not entitled to offset the property distribution payments by the total amount he has paid in spousal support.

## B. Tammy's Prejudgment Interest, Attorney's Fees, And Costs Arguments Are Also Meritless.

### 1. Prejudgment interest

Tammy argues that she is entitled to prejudgment interest to compensate her for the delay between the 2008 divorce decree entitling her to $325,000 upon sale of the marital home and the 2015 judgment awarding her $325,000 from Kevin. The superior court did not award Tammy prejudgment interest, reasoning that "[n]othing in the

inferences for substantial evidence, but no extrinsic evidence is relevant here. *See id.*

[13]     Furthermore, "spousal support is separate and distinguishable from marital property." *Stevens v. Stevens*, 265 P.3d 279, 288 (Alaska 2011).

divorce decree or the negotiated settlement indicates that [she] is entitled to such payments."

"Prejudgment interest in a divorce case is within the broad discretion of the trial court and is reviewed for an abuse of discretion."[14]  Prejudgment interest is "particularly appropriate" when the asset is cash,[15] because "[t]he purpose of awarding prejudgment interest is not to penalize the losing party, but rather to compensate the successful claimant for losing the use of the money between the date he or she was entitled to it and the date of judgment."[16]  In contrast, prejudgment interest "should not be awarded where it 'would do an injustice.' "[17]  Determining the date upon which Tammy was entitled to the payment requires us to interpret the terms of the divorce decree.  This is a legal question to which we apply our independent judgment.[18]

Here, as the divorce decree made clear, Tammy was only entitled to receive $325,000 "[u]pon the sale of the property."  When Kevin delayed his performance of the sale for seven years, the superior court issued its June 2015 order instructing Kevin to sell the marital home within 90 days "to effectuate the agreement."  When Kevin still did not sell the home, Tammy filed a motion for entry of judgment, and the superior court

---

[14]     *Hopper v. Hopper*, 171 P.3d 124, 129 (Alaska 2007) (citing *Ogard v. Ogard*, 808 P.2d 815, 817 (Alaska 1991)).

[15]     *Morris v. Morris*, 724 P.2d 527, 530 n.11 (Alaska 1986).

[16]     *Id*. at 529 (quoting *Bevins v. Peoples Bank & Tr.*, 671 P.2d 875, 881 (Alaska 1983)).

[17]     *Id*. at 530 (quoting *State v. Phillips*, 470 P.2d 266, 274 (Alaska 1970)).  We have also recognized "discretion to give credit to the party that maintains an asset post-separation." *Heustess v. Kelley-Heustess*, 259 P.3d 462, 475 (Alaska 2011) (citing *Berry v. Berry*, 978 P.2d 93, 96 (Alaska 1999)).

[18]     *Gunn v. Gunn*, 367 P.3d 1146, 1150 (Alaska 2016).

reduced Tammy's award from the divorce decree to a cash judgment in the amount of $325,000. Accordingly, Kevin did not actually owe the amount — and therefore there was no cash of which Tammy lost use — until this judgment was entered in October 2015.[19]

Furthermore, Kevin owed Tammy $3,500 in spousal support for each month he did not sell the home, and he bore the burden of upkeep on the property. Given these facts, awarding prejudgment interest to Tammy might "do an injustice" to Kevin, and it was not an abuse of discretion for the superior court to decline to do so.

### 2. Attorney's fees

Tammy argues that she is entitled to partial attorney's fees under Alaska Civil Rule 82(b)(1), which awards attorney's fees to a "prevailing party in a civil case"[20] based on a money judgment.[21] However, Rule 82 "does not apply to judgments in divorce cases"[22] unless a party is successful in litigating a post-judgment modification

---

[19]     Tammy cites to *Brotherton v. Brotherton*, 142 P.3d 1187 (Alaska 2006), for the proposition that prejudgment interest on judgments awarded "after lengthy noncompliance by an ex-husband" should be treated differently. But *Brotherton* is distinguishable. The divorce decree in that case neither placed a condition precedent on the spouse's award, such as the sale of the property, nor awarded spousal support until that condition was satisfied. *See id.* at 1188.

[20]     Alaska R. Civ. P. 82(a).

[21]     Alaska R. Civ. P. 82(b)(1). Under a different section of the rule, a prevailing party receives attorney's fees based on "reasonable actual attorney's fees which were necessarily incurred." Alaska R. Civ. P. 82(b)(2).

[22]     *L.L.M. v. P.M.*, 754 P.2d 262, 263 (Alaska 1988). "In such cases costs and fees are based on the 'relative economic situations and earning powers' of the parties, rather than on a prevailing party determination." *Id.* (quoting *Cooke v. Cooke*, 625 P.2d 291, 293 (Alaska 1981) and *Lone Wolf v. Lone Wolf*, 741 P.2d 1187, 1192 (Alaska 1987)).

or enforcement motion.[23] The superior court did not award Tammy attorney's fees because they were not contemplated by the settlement agreement and because her motion was "[p]remature," reasoning in the October 2015 order that "there has not been a judgment until this Order, [so] there can be no attorney's fees for a 'post-judgment . . . enforcement motion.' "[24] Tammy argues that the superior court's interpretation of the law was "overly literal" and characterizes the years of litigation that ensued after the divorce decree as "post-Decree enforcement proceedings which resulted in the money judgment." "The superior court has broad discretion in awarding attorney's fees in a divorce action, and we review any award for abuse of discretion."[25]

The superior court's decision not to award Tammy attorney's fees was not an abuse of discretion. Tammy had already won her right to $325,000 upon the sale of the home when the divorce decree was finalized in 2008; this amount was thus awarded in a divorce case. Tammy now seeks attorney's fees based on that amount, but the decree did not award fees to either party,[26] and she provides no legal authority to

---

[23] *McGee v. McGee*, 974 P.2d 983, 992 (Alaska 1999) (citing *Lowe v. Lowe*, 817 P.2d 453, 460 (Alaska 1991)).

[24] Tammy subsequently timely filed a second motion after the October order, and the superior court denied it without further explanation. But the superior court's prior reasoning holds — there had been no enforcement motion filed against Kevin after the October order, so Tammy was not a prevailing party within the meaning of Rule 82.

[25] *Limeres v. Limeres*, 320 P.3d 291, 296 (Alaska 2014) (citing *Hopper v. Hopper*, 171 P.3d 124, 129 (Alaska 2007)).

[26] We have previously "warned litigants that if they fail to address the issue of fees in the settlement agreement, they may be precluded from claiming Rule 82 fees." *Sanders v. Barth*, 12 P.3d 766, 769 (Alaska 2000) (citing *Coleman v. Coleman*, 968 P.2d 570, 576-77 (Alaska 1998)).

otherwise support such an award.[27]   Accordingly, the superior court did not abuse its discretion in declining to award Tammy attorney's fees.

### 3.    Costs

Tammy argues that she is entitled to partial costs under Alaska Civil Rule 79,[28] but this argument is waived.[29]   We review Rule 79 awards for abuse of discretion,[30] and Tammy does not support her argument with any legal citations to show how the court abused its discretion here.

## IV.   CONCLUSION

We AFFIRM the superior court's order.

---

[27]    Tammy cites three divorce cases which all involve an award of attorney's fees based on actual fees, not a cash judgment. *See Hopper*, 171 P.3d at 133; *McGee*, 974 P.2d at 992; *Lowe*, 817 P.2d at 460.  We note that Tammy declined to bring a motion under Rule 82(b)(2), supported by an accounting of the fees she incurred while trying to enforce the decree, which could have demonstrated she had incurred such fees and was therefore entitled to reasonable relief.  Tammy argues that the plain meaning of the rule dictates that fee awards are mandatory, but the case she cites, *Beaux v. Jacob*, involved a real estate transaction, not a divorce decree, and refers to the rule for the calculation of fees, not whether such fees are required. *See* 30 P.3d 90, 93, 99 n.28 (Alaska 2001).

[28]    Alaska Civil Rule 79(a) states that "[u]nless the court otherwise directs, the prevailing party is entitled to recover costs . . . that were necessarily incurred in the action."

[29]    *See, e.g.*, *Adamson v. Univ. of Alaska*, 819 P.2d 886, 889 n.3 (Alaska 1991) ("[W]here a point is given only a cursory statement in the argument portion of a brief, the point will not be considered on appeal.").

[30]    *Sourdough Dev. Servs., Inc. v. Riley*, 85 P.3d 463, 466 (Alaska 2004).