**Floyd J. SALTZ, Appellant,**

v.

**Deana SALTZ, Appellee.**

No. S–6318.

Supreme Court of Alaska.

Oct. 13, 1995.

Phil N. Nash, Kenai, for Appellant.

Paul E. Olson, Anchorage, for Appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

MATTHEWS, Justice.

When Floyd and Deana Saltz decided to end their marriage, Floyd agreed to pay Deana $150 per month in spousal support for eighteen months. The superior court signed a decree of dissolution of marriage which incorporated this spousal support agreement.

Alleging that she was never paid the spousal support, Deana filed a motion to reduce her spousal support claim to judgment. Floyd defended on the grounds that he gave Deana various checks which were used for Deana's benefit, and that those checks should be treated as payment of the spousal support due. Deana countered that the checks given to her were not used for her benefit and were mainly used to pay Floyd's bills.

The superior court refused to credit any checks except one $100 check against the spousal support obligation. The court ruled that Floyd owed Deana $2600 in spousal

support and awarded Deana $2500 in attorney's fees, which was more than seventy percent of the total judgment of $3545.72.

On appeal, Floyd first makes several arguments concerning how the burden of proof should have been allocated. These arguments are waived because they were not made before the superior court.

Floyd also argues that several of the superior court's findings of fact are clearly erroneous. The record supports all of the superior court's findings with the exception of the finding dealing with check 629, a $231.21 check made out to J.C. Penney. The superior court found that check 629 was used to pay a debt to J.C. Penney which predated the couple's divorce and that this debt was jointly owed by the couple. However, the record shows that Deana assumed the J.C. Penney's debt. We therefore conclude that the superior court should have credited check 629 toward the spousal support obligation.

Finally, Floyd challenges the superior court's award of attorney's fees. The superior court did not give an explanation for awarding Deana attorney's fees in an amount greater than seventy percent of her judgment. Alaska Civil Rule 82(b) provides that the superior court shall award attorney's fees to a prevailing party according to a fixed schedule. The superior court may vary from the schedule for a number of reasons, but if it does so "the court shall explain the reasons for the variation." Alaska R. Civ. P. 82(b)(3) (final clause). In this case, the superior court did not follow the schedule and did not explain its reasons for doing so.

■ Deana argues that Rule 82 should not apply to a spousal support enforcement action. This argument has been rejected by our prior decisions. We have held that while Rule 82 generally does not apply to divorce cases, it does apply to post-judgment enforcement and modification motions. *Lowe v. Lowe,* 817 P.2d 453, 460 (Alaska 1991); *Hartland v. Hartland,* 777 P.2d 636, 644 (Alaska 1989); *L.L.M v. P.M.,* 754 P.2d 262, 264 (Alaska 1988).

■ Deana relies on *Cameron v. Hughes,* 825 P.2d 882 (Alaska 1992). In *Cameron,* we ruled that legal costs reasonably and necessarily incurred in collecting a judgment for past-due child support should be treated as "costs of the action" and awarded to the collecting party. *Id.* at 887. However, *Cameron* applies only to post-judgment fees incurred after a support obligation has been reduced to a unitary, fixed-sum judgment and only in child support cases. *See Torrey v. Hamilton,* 872 P.2d 186, 188 n. 1 (Alaska 1994). It does not apply in an action to reduce a spousal support obligation to judgment.

Therefore, Rule 82 governs this case. Since the superior court did not state its reasons for deviating from the Rule 82 schedule, we VACATE the attorney's fees award and REMAND. If the superior court does not follow the schedule on remand, it must explain its reasons for doing so. The superior court should also amend the judgment to reflect our conclusion that check 629 should have been credited towards Floyd's spousal support obligation.