*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DELBERT B. URBAN, | ) | |
| | ) | Supreme Court No. S-14784 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-10291 CI |
| v. | ) | |
| | ) | O P I N I O N |
| MARTHA C. URBAN, | ) | |
| | ) | No. 6852 – December 13, 2013 |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Alex M. Swiderski, Judge pro tem.

Appearances: Michael Hough, Homer, for Appellant. Robert J. Sato, Sato & Sato, LLC, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I. INTRODUCTION

In order to build a yacht, Delbert Urban borrowed against the residence he owned with his wife, Martha Urban. The yacht was destroyed in a fire, and the bank foreclosed on the marital residence. After Martha Urban filed for divorce, the parties agreed to the division of most of their remaining marital assets, but they disputed the

value of land they owned in Arizona. And just before the divorce trial, Martha discovered that Delbert owned stock that he failed to include in his pretrial disclosures.

The superior court accepted a county tax valuation of the land in Arizona, although Delbert presented a conflicting valuation. The superior court classified the stock as marital property because Delbert failed to disclose it before trial. The court awarded Martha $1,300 per month in spousal support and also awarded her $10,000 in attorney's fees because of Delbert's vexatious litigation conduct.

We affirm the superior court's spousal support award and valuation of the Arizona land. But we reverse and remand to allow the superior court to reconsider the attorney's fees award and the classification of the stock.

## II.    FACTS AND PROCEEDINGS

Delbert and Martha were married in 1993. About two years later, Delbert suffered a work injury and began receiving federal disability pay. Delbert borrowed against the marital residence to build a yacht and then stopped making the mortgage payments, which caused the residence to be lost in foreclosure. The yacht was destroyed in a fire in Mexico, and the hull insurance carrier disputed coverage based on alleged misrepresentations in the insurance application.

Martha filed for divorce in 2010. At trial the parties agreed on valuation and distribution of the marital assets except for some land in Arizona. During trial, Martha discovered that Delbert had stock in a company called Stancorp that he had purchased prior to the marriage.

The superior court found that Delbert's decision to mortgage the marital residence and build the yacht constituted an unreasonable depletion of the marital estate. The court valued the Arizona property at $92,424 based on a property tax assessment. The court treated the Stancorp stock as a marital asset based on Delbert's false testimony about the stock and his failure to list the stock in pretrial disclosures. The court awarded

about 63% of the marital property to Martha and about 37% to Delbert. The court awarded Martha spousal support in the amount of $1,300 per month and attorney fees of $10,000.

## III. STANDARD OF REVIEW

"Trial courts' allocations of property and awards of spousal support are reviewed for abuse of discretion; we reverse such awards only if they are clearly unjust."[1] The trial court's classification of property as marital or non-marital is generally reviewed for abuse of discretion, but some classifications may involve questions of law that we review using our independent judgment.[2] The court's underlying factual findings on classification and valuation of marital property are reviewed for clear error.[3] Clear error is found "only when we are left with a definite and firm conviction based on the entire record that a mistake has been made."[4]

"A superior court has broad discretion to award attorney's fees in divorce cases. We will not reverse a trial court's ruling on attorney's fees unless it is arbitrary, capricious, or manifestly unreasonable."[5]

## IV. DISCUSSION

### A. The Superior Court's Valuation Of The Arizona Property Was Not Clearly Erroneous.

---

[1] *Barnett v. Barnett*, 238 P.3d 594, 597 (Alaska 2010) (citations omitted).

[2] *Beal v. Beal*, 303 P.3d 453, 458-59 (Alaska 2013).

[3] *Ethelbah v. Walker*, 225 P.3d 1082, 1086 (Alaska 2009) (citations omitted).

[4] *Barnett*, 238 P.3d at 597 (internal quotation marks and citation omitted).

[5] *Heustess v. Kelley-Heustess*, 259 P.3d 462, 478 (Alaska 2011) (internal quotation marks and citation omitted).

Delbert first argues that the court's valuation of the Arizona real estate was clearly erroneous. At trial, Delbert relied on a real estate agent's valuation, which suggested that the four-parcel property was worth only $35,800. The agent valued one parcel and then extrapolated the value of all four parcels. The agent testified that local real estate values had dropped dramatically after Delbert purchased the property for $98,000. Martha submitted a county tax assessment showing a total value of $92,424. The tax valuation had been discounted by about 50% from the previous year. Delbert's witness testified that the tax valuation did not adequately account for the recent decline in the real estate market.

The trial court relied on the county tax valuation when it determined the value of this property. We have previously held that, in the absence of an appraisal, a trial court may reasonably choose to rely on a tax valuation over a real estate broker's estimate.[6] In this case the court made a reasonable decision that the tax valuation was more reliable than the real estate agent's opinion. The resulting valuation of this property was not clear error.

**B.     It Was An Abuse Of Discretion To Award Enhanced Fees Without Proper Documentation And Without A Clear Basis For the Award.**

Delbert also argues that the trial court erred by awarding $10,000 in attorney fees against him. The court reasoned that an attorney fee award was merited by Delbert's vexatious litigation behavior, including his lack of cooperation in his pretrial disclosures and his evasive testimony on the stand. On appeal, Delbert argues that Martha never documented her assertion that she had spent over $35,000 in fees.

---

[6]     *Haines v. Cox*, 182 P.3d 1140, 1144 (Alaska 2008) (citation omitted).

Ordinarily, a fee award should be based on documentation of the actual fees expended.[7] Here, it appears that the court based its award on the unsupported assertion of fees in Martha's post-trial brief. We remand so that the court can review Martha's documentation of her actual fees.

In addition, this court has held that fee awards in divorce cases under AS 25.24.140 "are to be based primarily on the relative economic situations and earning powers of the parties,"[8] and that such fee awards may be enhanced because of bad faith or vexatious behavior.[9] But if the trial court chooses to enhance a fee award, it must first identify the fees that would be awarded in the absence of bad faith, and then identify the nature and amount of the increase assessed due to the bad faith behavior.[10] On remand, the court should require documentation of Martha's fees and make findings regarding the basis for its award.

### C.    The Superior Court's Spousal Support Award Was Not An Abuse Of Discretion.

---

[7]    *See* AS 25.24.140 (stating that "in appropriate circumstances" in divorce actions, courts may award "attorney fees and costs that reasonably approximate the actual fees and costs required to prosecute or defend the action").

[8]    *S.L. v. J.H.*, 883 P.2d 984, 985 (Alaska 1994) (citation omitted).

[9]    *Berry v. Berry*, 277 P.3d 771, 779-80 (Alaska 2012) (citation omitted).

[10]    *Kowalski v. Kowalski*, 806 P.2d 1368, 1373 (Alaska 1991) ("We hold that, in making an increased fee award, the court must first determine what fee award would be appropriate under the general rule, and only then increase the award to account for a party's misconduct. Failure to follow this two-step process constitutes an abuse of discretion.") (citations omitted).

Delbert also argues that the superior court's decision to award spousal support was an abuse of discretion. In a divorce case, the court may make an award of spousal support in order to "fairly allocate the economic effect of divorce."[11]

In this case, the superior court found that Delbert had surplus income of about $2,172 per month, and Martha was accruing a deficit of about $700 per month. These findings are not clearly erroneous. The court's award of $1,300 per month should

---

[11] AS 25.24.160(a)(2) allows the court in a divorce action to provide:

> for the recovery by one party from the other of an amount of money for maintenance, for a limited or indefinite period of time, in gross or in installments, as may be just and necessary without regard to which of the parties is in fault; an award of maintenance must fairly allocate the economic effect of divorce by being based on a consideration of the following factors:
>
> (A) the length of the marriage and station in life of the parties during the marriage;
>
> (B) the age and health of the parties;
>
> (C) the earning capacity of the parties, including their educational backgrounds, training, employment skills, work experiences, length of absence from the job market, and custodial responsibilities for children during the marriage;
>
> (D) the financial condition of the parties, including the availability and cost of health insurance;
>
> (E) the conduct of the parties, including whether there has been unreasonable depletion of marital assets;
>
> (F) the division of property under (4) of this subsection; and
>
> (G) other factors the court determines to be relevant in each individual case.

provide both parties with a monthly income that will allow them to meet their anticipated monthly expenses.

A superior court should generally provide for the needs of a divorced spouse through the division of marital assets; awards of spousal support are "only appropriate when the marital estate is insufficient to meet the needs of a disadvantaged party."[12] We have required the superior court to make adequate findings showing that the property division is insufficient to meet the parties' needs in order to justify an award of spousal support.[13]

In this case, the court did not state an express conclusion that the marital estate was inadequate for Martha's needs. But this conclusion is inescapable when we consider the court's findings about the parties' income and expenses and the property available for distribution. In addition, the court found that Delbert unreasonably dissipated between $400,000 and $700,000 in marital assets by mortgaging the marital residence to build the yacht. We conclude that the award of spousal support was not an abuse of discretion.

**D.  The Court's Decision To Treat The Stancorp Stock As A Marital Asset Was Error.**

Delbert also argues that the court improperly treated the Stancorp stock as a marital asset. The court's decision was based on Delbert's failure to list the stock in pretrial disclosures. Alaska Civil Rule 26.1(b)(1)(K) requires a divorce litigant to provide "an itemized list . . . of all assets and debts . . . which the party considers non-marital and the basis for the non-marital designation[.]" Delbert's pretrial disclosures did not indicate that he was claiming the Stancorp stock as a non-marital asset; he

---

[12]     *Barnett v. Barnett*, 238 P.3d 594, 599 (Alaska 2010) (citations omitted).

[13]     *See id.* at 601-602 (remanding spousal support award for findings concerning spouse's needs).

claimed that he had no investments at all. The court also made an express finding that Delbert gave false testimony about this asset.

Under Rule 37(c), a party who fails to make required pretrial disclosures "without substantial justification" may not be permitted to use that information as evidence at trial, "unless such failure is harmless."[14] In this case, however, Martha did not object to Delbert's testimony that he had purchased the Stancorp stock before their marriage. So the trial court did not exclude this evidence based on this portion of Rule 37.

In addition to exclusion of evidence, the court may impose "other appropriate sanctions" for a failure to make pretrial disclosures under Rule 37(c), including the sanctions authorized under Rule 37(b)(2).[15] These sanctions include "[a]n order refusing to allow the disobedient party to support or oppose designated claims or

---

[14] Alaska R. Civ. P. 37(c)(1) provides:

A party that without substantial justification fails to disclose information required by Rules 26(a), 26(e)(1), or 26.1(b) shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under sections (A), (B), and (C) of subparagraph (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

[15] Alaska R. Civ. P. 37(c)(1).

defenses . . . ."[16] The trial court apparently concluded that Delbert's misbehavior warranted an order precluding him from supporting his claim that this stock was a non-marital asset.[17]

But we have held that preclusion sanctions under Rule 37(b) should be imposed only as a last resort if a continuance or other sanction is inadequate.[18] The same rule should apply when the Rule 37(b) sanctions are imposed under Rule 37(c) for failure to make pretrial disclosures. In this case, it appears that a continuance would have been an adequate remedy because the parties agreed to leave the record open after the first day of trial so that Martha could conduct a further investigation of this asset. On remand, the court should determine whether the stock is marital property based on the evidence; the parties may be allowed to submit additional evidence in the court's discretion.

## V. CONCLUSION

We REVERSE and REMAND the attorney's fee award and the question of whether the Stancorp stock is marital property. We AFFIRM the superior court's judgment on all remaining issues.

---

[16]     Alaska R. Civ. P. 37(b)(2)(B).

[17]     The court stated: "In view of Mr. Urban's failure to disclose even the existence of the stock and his false and misleading testimony with respect to it, the stock will be considered as part of the marital estate."

[18]     *See Maines v. Kenworth Alaska, Inc.*, 155 P.3d 318, 325 (Alaska 2007) ("Before imposing such a sanction, Rule 37(b)(3) requires a finding of 'willfulness,' as well as the consideration of several factors, including whether lesser sanctions would adequately protect the opposing party.") (citations omitted).