NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

DANIEL WINSTON BAGLEY, )
) Supreme Court No. S-14842
Appellant, )
) Superior Court No. 3AN-11-09930 CI
v. )
) MEMORANDUM OPINION
JENNIFER LOUISE BAGLEY, ) AND JUDGMENT[*]
)
Appellee. ) No. 1496 - April 30, 2014
_____ )

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, John Suddock, Judge.

Appearances: Herbert M. Pearce, Anchorage, for Appellant. Kara A. Nyquist, Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

I.    INTRODUCTION

A husband and wife divorced after 25 years of marriage. On appeal, the husband argues that the superior court erred by finding that the wife had minimal future earning capacity, by awarding 65% of the marital estate to her, and by dividing the marital estate before determining its value. We affirm because the superior court's findings are supported by the record, the property division is consistent with the unequal

_____

[*]    Entered under Alaska Appellate Rule 214.

division that both parties argued for at trial, and the valuation for each item of property is based on uncontested evidence or explicit findings of fact.

## II.    FACTS AND PROCEEDINGS

Jennifer Bagley and Daniel Bagley were married in 1986. Jennifer filed for divorce in 2011 after 25 years of marriage. At the time of trial, Jennifer and Daniel agreed to the valuation and distribution of many items of their marital property.

Jennifer offered expert testimony about the value and allocation of the parties' medical benefits. Jennifer's expert testified that the marital portion of Jennifer's benefits was $41,000 and the marital portion of Daniel's benefits was $138,000. The court agreed with this testimony, finding that 80% of Jennifer's benefits were non-marital property and that all of Daniel's benefits were marital property. The court also made findings resolving all of the parties' disputes about the value of other items of marital property.

Both parties recommended that Jennifer receive a somewhat larger portion of the marital estate. In his opening statement, Daniel's attorney stated that "under our allocation . . . it's basically a 60/40 allocation in [Jennifer's] favor," with the exception of the parties' retirement accounts. He repeated this request during Daniel's testimony and during closing argument. Jennifer's attorney likewise explained that her ultimate request was for "a 60/40 split of the estate."

The court found that Jennifer was retired and that she had limited income. The court found that Daniel would probably continue to work for ten more years. The court concluded that Daniel was in a better financial position and that Jennifer was thus entitled to an unequal division of the marital estate.

The court concluded that an award of approximately 60% of the marital estate to Jennifer and 40% to Daniel would be reasonable. But instead of directly dividing the property along those lines, the court awarded to each party the marital

portion of his or her medical benefits and required the parties to agree to a 65/35 division of their remaining property using the values that the court had established.

Daniel now appeals the court's decision on the distribution of property.

## III.  STANDARD OF REVIEW

In a divorce case the equitable division of marital assets involves three basic steps: "(1) deciding what specific property is available for distribution, (2) finding the value of the property, and (3) dividing the property equitably."[1]

We review the superior court's findings of fact for clear error.[2] We give "particular deference to the trial court's factual findings when they are based primarily on oral testimony, because the trial court, not this court, performs the function of judging the credibility of witnesses and weighing conflicting evidence."[3]

We generally review the allocation of property for abuse of discretion.[4] "[W]e reverse such awards only if they are clearly unjust."[5]

## IV.  DISCUSSION

### A.    The Superior Court Did Not Err When It Determined That Jennifer Had Limited Earning Capacity.

Daniel argues that the superior court erred by finding that Jennifer had no future earning capacity other than her retirement income. On this issue, the superior

---

[1]     *Beals v. Beals*, 303 P.3d 453, 458 (Alaska 2013) (citing *Doyle v. Doyle*, 815 P.2d 366, 368 (Alaska 1991)); *Wanberg v. Wanberg*, 664 P.2d 568, 570 (Alaska 1983).

[2]     *Day v. Williams*, 285 P.3d 256, 260 (Alaska 2012) (citing *In re Protective Proceedings of W.A.*, 193 P.3d 743, 748 (Alaska 2008)).

[3]     *Id.* (quoting *Millette v. Millette*, 177 P.3d 258, 261 (Alaska 2008)).

[4]     *Id.* (citing *Barnett v. Barnett*, 238 P.3d 594, 597 (Alaska 2010)).

[5]     *Urban v. Urban*, 314 P.3d 513, 515 (Alaska 2013)  (quoting *Barnett*, 238 P.3d at 597) (internal quotation marks omitted).

court found that it was unlikely that Jennifer could obtain a job earning anything approaching her prior income. The court concluded that her current income was limited to her retirement benefits.

These findings appear to be supported by the record. Jennifer was 62 years old and had retired after 26 years of employment with the Municipality of Anchorage. She had started out as a receptionist in traffic engineering and worked her way up to a position as a budget analyst. Following retirement, she worked for a short time in an accounting position, but the job was too difficult for her. Jennifer had not received any other job offers following her retirement.

The superior court's findings on this issue appear to be consistent with the limited evidence in the record and were not clearly erroneous.

**B.     The Superior Court Did Not Commit An Abuse Of Discretion In Its Division Of The Marital Estate.**

Daniel also argues that the court abused its discretion when it determined that a 65/35 division of the marital estate was fair and equitable.

Initially, we note that Daniel's argument mischaracterizes the superior court's ruling because the court did not order a simple 65/35 division of the marital estate. As noted above, both Jennifer and Daniel had requested an unequal division of the estate in Jennifer's favor. Daniel had also asked the court to allow the parties to keep their own medical benefits without including them in the divisible marital property, even though all of Daniel's benefits and 20% of Jennifer's benefits were marital property.

Consistent with both of these goals, the superior court concluded that a 60/40 division of the estate would be equitable and that this goal could be accomplished by awarding each party their own medical benefits while dividing the balance of the estate 65% to Jennifer and 35% to Daniel. The superior court appears to have made an accurate estimate; if we accept the undisputed values of the medical benefits, the court's

approach awards about 60% of the marital estate to Jennifer and 40% to Daniel.[6]  We find no abuse of discretion in this approach.

Daniel also argues that the superior court failed to adequately consider the statutory property division factors.[7]  In response, Jennifer argues that the court

---

[6]  According to Jennifer's expert witness, the marital value of Jennifer's medical benefits was about $41,000 and the marital value of Daniel's benefits was about $138,000.  According to Daniel, the value of the marital estate excluding these medical benefits was $1,125,936.  Daniel received an award of $397,590, about 35% of this net estate, plus his medical benefits of $138,000, a total of $535,590.

If we started by adding the value of the parties' medical benefits to the marital estate the total value of the estate would be $1,304,936.  Forty percent of this total estate would be $521,974.  So Daniel actually received slightly more than 40% of the total estate.  These figures were subject to some minor adjustments, but they demonstrate that the superior court's reasoning was not an abuse of discretion.

[7]  In pertinent part, AS 25.24.160(a)(4) provides that a property division must be based on the following factors:

(A) the length of the marriage and station in life of the parties during the marriage;

(B) the age and health of the parties;

(C) the earning capacity of the parties, including their educational backgrounds, training, employment skills, work experiences, length of absence from the job market, and custodial responsibilities for children during the marriage;

(D) the financial condition of the parties, including the availability and cost of health insurance;

(E) the conduct of the parties, including whether there has been unreasonable depletion of marital assets;

(F) the desirability of awarding the family home, or the right to live in it for a reasonable period of time, to the party who has primary physical custody of children;

(continued...)

recognized and applied all of the factors that were relevant to this case.

At the conclusion of the trial, the superior court made specific findings about the relative financial circumstances of the parties. These findings were summarized in the court's written findings:

> [Jennifer] has retired which was a joint decision of the marriage and [Daniel] continued to work. [Jennifer] is now 62 years old and retired and is done working. [Jennifer's] income is limited. [Daniel] continues to work and has capacity to work ten more years. [Daniel] is in a better financial position than [Jennifer]. Therefore, the court finds that she is entitled to an unequal division of property and the appropriate division is sixty-five percent of the marital estate to [Jennifer] and thirty-five percent to [Daniel]. If the court had included the health benefits values in the property division the division of property would have been closer to sixty percent to [Jennifer] and forty percent to [Daniel].

As noted above, these findings are consistent with the positions taken by both parties at trial, and they are supported by the record. We conclude that the superior court did not abuse its discretion when analyzing the factors required for distribution of marital property.

### C. The Superior Court Did Not Err By Failing To Value The Entire Estate.

Daniel also argues that the superior court erred by determining the percentage division of the marital estate without first determining the value.

---

[7] (...continued)

(G) the circumstances and necessities of each party;

(H) the time and manner of acquisition of the property in question; and

(I) the income-producing capacity of the property and the value of the property at the time of division.

Daniel is correct that the superior court did not make a direct finding about the value of the marital portion of the medical benefits. But the court did accurately conclude that if each ex-spouse retained medical benefits in his or her own name, then a 65/35 split of the balance of the marital estate would result in a 60/40 division of the total estate. On appeal, Daniel does not contest the allocation of the medical benefits or the valuation of any other items of property.

We have affirmed a superior court's division of property even though the superior court "made no finding as to the net value of the marital estate."[8] In this case, the superior court's overall findings concerning the division of the property implicitly incorporate the uncontested value of the medical benefits. Therefore, we find no error in the superior court's valuation of the marital estate.

## V. CONCLUSION

We AFFIRM the superior court's judgment.

---

[8] *Cartee v. Cartee*, 239 P.3d 707, 711 (Alaska 2010).