NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| In the Matter of the Adoption of<br><br>E.H. and J.H. | Supreme Court No. S-16989<br><br>Superior Court Nos. 3AN-15-01485/<br>01486 PR (Consolidated)<br><br>MEMORANDUM OPINION<br>AND JUDGMENT[*]<br><br>No. 1711 – February 6, 2019 |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Darryl L. Jones, Law Office of Darryl L. Jones, Palmer, for Appellants Foster Parents. Notice of Nonparticipation by Appellees Grandparents. Notice of Nonparticipation by Appellee State of Alaska, Department of Health & Social Services, Office of Children's Services.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

1. This appeal arises from awards of attorney's fees and costs against Simon and Ellie's[1] foster, and later adoptive, parents after Simon and Ellie's

---

[*] Entered under Alaska Appellate Rule 214.

[1] We use pseudonyms to protect the children's privacy.

grandparents' successful motion to vacate the children's adoption.[2]

2.	The superior court awarded the grandparents 50% of their attorney's fees attributable to the motion to vacate the adoption. The court also awarded the grandparents 100% of the cost of their expert witness because "[b]ut for the ability to hire an expert . . . it is likely the [grandparents] would have been thwarted in their efforts to uncover and explain the actions of the [foster parents] to undermine the relationship with their grandchildren." The court did not cite a rule governing its awards.

3.	The grandparents sought attorney's fees under Alaska Civil Rule 82. The foster parents responded that under Rule 82(b)(2), the grandparents were entitled at most to 30% of their actual reasonable fees,[3] which the foster parents argued should be the actual fees reduced by 20% because "the [grandparents] unreasonably increased the complexity of the litigation." Under Rule 82(b)(3) a court may vary an attorney's fees award under subsection (b)(2) if, after considering the listed factors, "the court determines a variation is warranted."[4] But when a court chooses to vary an attorney's fees award under subsection (b)(3), both the rule's language and our case law require the

---

[2]	*See In re Adoption of E.H. & J.H.*, ___ P.3d ___, Op. No. 7316, 2018 WL 6005770 (Alaska Nov. 16, 2018).

[3]	*See* Alaska R. Civ. P. 82(b)(2) ("In cases in which the prevailing party recovers no money judgment, the court shall award the prevailing party in a case which goes to trial 30 percent of the prevailing party's reasonable actual attorney's fees which were necessarily incurred . . . .").

[4]	Alaska R. Civ. P. 82(b)(3) (listing 11 factors courts may consider to determine if a variation from Rule 82(b)(2) is warranted, including "the complexity of the litigation," "the reasonableness [of each party's] claims and defenses," and "vexatious or bad faith conduct").

court to state on the record its reasons for doing so.[5] Because the superior court failed to do so here, we VACATE that portion of the award and REMAND to allow the court to explain on the record its reasons for deviating from Rule 82(b)(2).

4. The grandparents also sought expert witness costs under Alaska Administrative Rule 7(c). "Absent extraordinary circumstances, such as bad faith or reprehensible conduct," a prevailing party may recover only the expert witness costs provided in Administrative Rule 7(c).[6] "Rule 7(c) . . . limits the recovery of expert witness costs to 'the time when the expert is employed and testifying,' not to exceed $150.00 per hour."[7] Expert witness fee awards are not meant to fully compensate a party for the costs of case preparation.[8] Although parties often incur additional fees for an expert witness's "preparation time," these fees, "like many other litigation costs, [are] not

---

[5] *See id.* ("If the court varies an award, the court *shall* explain the reasons for the variation." (emphasis added)); *Saltz v. Saltz*, 903 P.2d 1070, 1071 (Alaska 1995) (vacating and remanding attorney's fee award to allow the superior court to explain its reasons for not following Rule 82 schedule); *Haskins v. Shelden*, 558 P.2d 487, 496 (Alaska 1976) ("When the trial court departs from the Rule's schedule of fees, the reasons for the nonadherence should appear in the record.").

[6] *Municipality of Anchorage v. Frank Coluccio Constr. Co.*, 826 P.2d 316, 331 (Alaska 1992) (quoting *Miller v. Sears*, 636 P.2d 1183, 1195 (Alaska 1981)).

[7] *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 562 n.39 (Alaska 2014) (quoting Alaska Admin. R. 7(c)).

[8] *See Municipality of Anchorage*, 826 P.2d at 331 (rejecting compensation-based approach to calculating expert witness fees under Rule 7(c)); *Fairbanks N. Star Borough v. Tundra Tours, Inc.*, 719 P.2d 1020, 1037 (Alaska 1986) (overturning award of expert fees in excess of Rule 7(c) because case did not present "those extraordinary circumstances where the losing party should be punished").

recoverable from the losing party.'"[9]  Here the superior court awarded the grandparents their expert witness's full cost with the explanation that, without the expert, the grandparents would have been unable to win their case.  But because compensating parties for the cost of proving their cases is not one of the "extraordinary circumstances" justifying a departure from Rule 7(c)'s guidelines, it was error to award the grandparents the full cost of their expert witness on that basis.[10]  We thus also VACATE the expert witness fee award and REMAND to allow the superior court to enter an award in accordance with Rule 7(c) or to explain the "extraordinary circumstances" justifying departure from the Rule.

     5.    We do not retain jurisdiction.

---

[9]    *See Miller*, 636 P.2d at 1195.

[10]    *See Fairbanks N. Star Borough*, 719 P.2d at 1036-37.