NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| BILLY POLLARD, | ) | |
| | ) | Supreme Court No. S-17575 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-17-05556 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| REGINA POLLARD, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1775 – July 1, 2020 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Dani Crosby, Judge.

Appearances: Elizabeth W. Fleming, Kodiak, for Appellant. No appearance by Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

## I.    INTRODUCTION

A divorcing couple entered into a settlement agreement providing in part that the husband would submit the final documents, including a retirement division order, and that the parties would bear their own attorney's fees. After the husband failed to timely submit an acceptable order, the wife submitted a proposed order and requested attorney's fees. The superior court entered the wife's proposed order and granted her fees request. The husband appeals the attorney's fees award. Seeing no error, we affirm.

---

\*        Entered under Alaska Appellate Rule 214.

## II. FACTS AND PROCEEDINGS

Regina Pollard filed for divorce from Billy Pollard in March 2017. Regina sought interim support based on Billy being the sole financial provider; among other things, she requested that he pay her attorney's fees. The superior court awarded Regina 75% of the funds in the couple's joint bank accounts and noted she could use the funds to pay attorney's fees. Regina later requested that Billy be required to pay for an expert to value the marital portion of his military retirement and medical benefits, which she characterized as the bulk of the marital estate. Over Billy's opposition, the court granted Regina's motion and ordered Billy to provide up to $1,500 to retain an expert.

At a June 2018 settlement conference the parties resolved all issues; their agreement included a provision that Regina would pay her own attorney's fees but that in exchange Billy would prepare the final divorce documents, including a military pension division order. In July the court put the parties' settlement agreement on record. But the court was unable to enter a divorce decree because Billy had not prepared and submitted the pension division order as agreed.

Billy subsequently filed proposed pension division orders that failed to comply with the settlement agreement. The court held a hearing in December to resolve the issues and again ordered Billy to submit a pension division order. The court noted that it believed the parties were "operating in good faith" but that Billy's proposed orders had been "directly contrary to the parties' agreement" and "errors have been included, corrected, and the[n] re-included in drafts."

The court entered two orders requiring Billy to pay Regina's reasonable attorney's fees incurred in responding to Billy's faulty pension division orders. Billy paid the attorney's fees as ordered. Billy filed another proposed pension division order. Regina again opposed, again asking for attorney's fees. She noted that she had "dealt with this issue for almost a year" and had hired an expert to prepare the military pension

division order. In June 2019 the court accepted her proposed order and entered a divorce decree; the decree was issued *nunc pro tunc* to the date of the parties' settlement agreement the previous July.[1] As agreed in the settlement, the court's finding supporting the decree indicated that the parties would be responsible for their own attorney's fees. But the court also entered a separate order granting Regina "attorney fees and costs incurred in trying to get the retirement [division] completed."

Billy sought reconsideration of the third attorney's fees award, raising arguments not made when he had originally opposed Regina's request. Among other things, he argued that (1) the superior court "failed to consider directly controlling Alaska law requiring that attorney fee awards in domestic cases be based upon findings entered into the record," and (2) "fee awards in divorce cases under AS 25.24.140 'are to be based primarily on the relative economic situations and earning powers of the parties.' "[2] The court denied reconsideration.

Billy appeals the superior court's third attorney's fees award on the same grounds raised in his motion for reconsideration. Regina has not participated in this appeal.

## III. DISCUSSION

Billy argues that the superior court: (1) failed to consider that attorney's fees in divorce cases are based on the parties' relative economic situations and earnings and not on Alaska Civil Rule 82; (2) failed to make factual findings about the parties'

---

[1]    *See, e.g.*, *Peterson v. Swarthout*, 214 P.3d 332, 336 n.2 (Alaska 2009) (explaining that phrase *nunc pro tunc* "is used by courts to indicate that an order or document is being given retroactive effect" and that courts may "use this power to correct mistakes").

[2]    *Urban v. Urban*, 314 P.3d 513, 516 (Alaska 2013) (quoting *S.L. v. J.H.*, 883 P.2d 984, 985 (Alaska 1994)).

economic situations and earning powers; and (3) erred by awarding attorney's fees despite the parties' agreement to bear their own costs. Because these arguments were not raised when Billy opposed Regina's attorney's fees request, we review the award only for plain error.[3]

As Billy correctly points out, we have established a clear rule "that fee awards in divorce cases under AS 25.24.140 'are to be based primarily on the relative economic situations and earning powers of the parties,' and . . . may be enhanced because of bad faith or vexatious behavior."[4] This is an "exception" to Rule 82's prevailing party standard.[5] But the superior court was fully cognizant of the parties' economic situations and relative earning powers. The court had ruled on Regina's motion for interim support, which required it to consider the parties' existing assets and relative earning powers. The court also had granted Regina's request that Billy be required to provide funds to hire an expert to value the marital retirement benefits, noting that it had "considered the parties' relative financial circumstances" and determined that "given [Billy's] significantly higher income . . . it is equitable to require [Billy] to pay the expert fees." Although the court did not specifically note the parties' relative

---

[3]     We review issues raised for the first time in a motion for reconsideration for plain error. *Schaeffer-Mathis v. Mathis*, 407 P.3d 485, 495 (Alaska 2017). "Plain error exists [if] 'an obvious mistake has been made which creates a high likelihood that injustice has resulted.' " *Laughlin v. Laughlin*, 229 P.3d 1002, 1005 (Alaska 2010) (quoting *In re Estate of Fields*, 219 P.3d 995, 1011 (Alaska 2009)).

[4]     *Urban*, 314 P.3d at 516 (quoting *S.L.*, 883 P.2d at 985).

[5]     *Berry v. Berry*, 277 P.3d 771, 779 (Alaska 2012) ("[F]ees awards in divorce cases are typically based on the parties' relative economic situations and earning powers, rather than prevailing party status. This 'divorce exception' to Rule 82 is based on a broad reading of AS 25.24.140(a)(1), and on the reality that there is usually no prevailing party in a divorce case." (quoting *Johnson v. Johnson*, 239 P.3d 393, 399 (Alaska 2010))); *see also* Alaska R. Civ. P. 82 (setting prevailing party attorney's fees awards).

financial circumstances when granting the third attorney's fees request, the record reflects the court's awareness of and reliance on those circumstances throughout the proceedings. If the superior court based its decision on AS 25.24.140, we cannot conclude that the court committed plain error by failing to repeat its earlier statements.

We also have held that the divorce exception to Rule 82 does not apply to post-settlement enforcement actions. For example, we upheld a superior court's award of full attorney's fees under Rule 82 when one party sought to thwart a divorce settlement agreement, resulting in protracted litigation.[6] And even though in this case the divorce decree was issued *nunc pro tunc* to the settlement agreement date a year earlier, the only issue in dispute after the settlement was placed on the record in 2018 was the military pension division order to be prepared solely at Billy's expense. The court found "that [Billy] has created versions of the [military pension division order] that are directly contrary to the parties' agreement" and that "errors have been included, corrected, and the[n] re-included in drafts." If the court determined that reasonable attorney's fees were warranted under Rule 82 as an enforcement mechanism, on these facts we see no obvious mistake or unfair prejudice.

Billy finally contends that the superior court erred by contravening the settlement agreement's express terms governing attorney's fees. On at least one occasion we have concluded that courts have an inherent equitable power to award attorney's fees

---

[6] *Worland v. Worland*, 193 P.3d 735, 738-43 (Alaska 2008) (awarding attorney's fees after divorce decree was signed dividing pensions and equity in marital home); *see also Easley v. Easley*, 394 P.3d 517, 523 (Alaska 2017) ("Rule 82 'does not apply to judgments in divorce cases' unless a party is successful in litigating a post-judgment modification or enforcement motion." (quoting *L.L.M. v. P.M.*, 754 P.2d 262, 263 (Alaska 1988))); *Saltz v. Saltz*, 903 P.2d 1070, 1071 (Alaska 1995) ("We have held that while Rule 82 generally does not apply to divorce cases, it does apply to post-judgment enforcement and modification motions.").

"when the interests of justice so require."[7] Regina filed motions contending that the litigation could be fair only if Billy paid her attorney's fees. She agreed as part of the settlement to pay her own fees on the condition that Billy prepare the final divorce documents, including the military pension division order. But Billy filed incomplete and inaccurate orders, resulting in significant attorney's fees and costs for Regina; failing to require that he pay her reasonable fees would not have "adequately protect[ed] the interests of justice."[8] If relying on the court's inherent authority, its award of reasonable attorney's fees was neither an obvious mistake nor unjust.

## IV.   CONCLUSION

We AFFIRM the superior court's order granting attorney's fees.

---

[7]    *Thomas v. Croft*, 614 P.2d 795, 799 (Alaska 1980). In *Thomas* a primary election candidate did not "prevail" at trial, but we concluded that assessing fees was necessary because the State's mishandling of the election had forced the candidate to litigate, and standard court rules governing attorney's fees failed to "adequately protect the interests of justice." *Id.*

[8]    *Id.*